John Peterson v. Rollin B. Hubbard and others.

*Order: Acceptance.* The mere writing of the drawee's name across the face of an order is a sufficient acceptance; and the fact that the words: "Paid on this order forty dollars" were written across the face of the bill above the signature of the drawee, does not qualify the acceptance or limit it to that sum.

*Practice in supreme court.* On error to review the judgment of the court below holding such an endorsement not an acceptance, except as to the sum of forty dollars paid thereon, where the record fairly imports that the defense was planted on the legal effect of this indorsement, the judgment will not be sustained on the suggestion that the plaintiff gave no evidence that defendants composed

the firm named as drawees, or that the endorsement was made by them, and that it does not appear that the paper sued upon was filed with the justice before whom the suit was brought; the defendants had a right to waive all formal proofs, as they seem to have done in this case, if they saw fit so to do.

*Heard October 16.   Decided October 21.*

Error to Huron Circuit.

*George S. Engle,* for plaintiff in error.

*Otto Kirchner,* for defendants in error.

COOLEY, J.

This suit was upon what was claimed to be an acceptance of an order drawn by Joseph Cline upon R. B. Hubbard & Co., for the payment of one hundred and forty dollars. On the trial this order was offered and received in evidence, without objection. On the face of it was written the following words: "Paid on this order forty dollars. R. B. Hubbard & Co." The circuit judge decided that this indorsement did not constitute an acceptance of the bill, except as to the sum of forty dollars paid thereon, and therefore directed judgment to be entered for defendants.

It is suggested in this court that this judgment was right, even though the reason assigned for it may be wrong, inasmuch as the plaintiff gave no evidence that defendants composed the firm of R. B. Hubbard & Co., or that the indorsement was made by them, and it does not appear that the paper sued upon was filed with the justice before whom the case originated. This suggestion has no force. The fair import of this record is that the defense was planted on the legal effect of the indorsement, and if the judge's ruling upon that was incorrect the judgment cannot be supported. The defendants had a right to waive all formal proofs if they saw fit to do so, and they seem to have done so here.

Our statute requires an acceptance to be in writing, but it does not prescribe in what form of words it shall be expressed. The authorities require very little to make out

an acceptance. Any thing written by the drawee indicating an intent to accept, is sufficient.—*Bailey on Bills, 163; 1 Pars. Bills and Notes, 281-2.* To say "accepted," or "honored," or "seen," is sufficient, even though no signature is appended.—*Story on Bills,* § *243; 1 Pars. Bills and Notes, 282.* And the mere writing of the drawee's name across the face of the bill is an acceptance, for this, as Judge Cowen well remarks, is a still clearer indication of intent to accept than any of the single words mentioned, and is a very common mode of acceptance.—*Spear v. Pratt, 2 Hill, 582.*

In this case the name is thus written on the order, and this is conceded to be sufficient, unless something appears to restrict the effect of this endorsement. The circuit judge seems to have thought the words, "Paid on this order forty dollars," written over the name, qualified the acceptance by limiting it to that sum. In reaching this conclusion he must have inferred several things which were not proved: 1. He must have inferred that this statement of payment was written by R. B. Hubbard and Co.; because if it had been written by the holder of the order, as an acknowledgment of a payment made to him, it is clear it could not qualify the effect which the law in its absence would give to defendants' signature written across the order. 2. He must have inferred that it was written at the same time the name was subscribed; for it could certainly have no qualifying effect if written either before or afterwards, even though written by defendants. And, 3. If the acceptance was to be limited to the forty dollars, so that the obligation of the acceptors was discharged by the payment at the very moment it was assumed, the judge must have inferred some reason not apparent on the record for what would seem the very needless and idle subscription of the parties' names; for nothing could apparently be more idle than to write their names upon the paper at all, if they were to incur no obligation by doing so.

All reasonable inferences, it seems to us, are against the conclusion reached in the court below. The indorse-

ment of a partial payment on an order would naturally and properly be made by the holder, because it would be his acknowledgment that the payment had been made; and though it might be made by the party paying, if desired or consented to by the holder, it would still be in effect the act of the latter, who by permitting it on a paper in his own possession and control, would presumptively ratify and adopt it as furnishing evidence of what had been paid him. The presumption, therefore, would be that the receipt upon this order was the act of the holder instead of the defendants. But had there been proof of their having written it, it would be impossible to draw the inference that they wrote their names for the purpose of authenticating or giving evidence of the payment. Evidence could be needed for nobody's protection or benefit except their own; and to sign their own name by way of furnishing evidence in their own favor, would at least be an unusual and unnatural thing for them to do. If any signature was important for that purpose, it was that of the party receiving the money, and not that of the party paying.

To suppose the name was subscribed to the receipt in order to show that no obligation to pay more was intended to be assumed, is, as already stated, to suppose the parties did an entirely unnecessary act, the effect of which, to say the least, was to lead to a possible inference of intent to charge themselves, when, if they had written nothing at all, their freedom from obligation would have been entirely clear. For if they had simply paid the forty dollars and taken a receipt therefor in the usual way, either by endorsement on the order or by a separate writing, the statute would have exempted them from responsibility. No other conclusion is reasonable than that these parties subscribed their names by way of obligating themselves to pay the order.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.