Hazel Lawless *vs.* Maurice E. Temple.

Middlesex.    December 9, 1925. — January 7, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Bills and Notes*, Acceptance.

A drawee of a bill of exchange may be charged as acceptor under G. L.
c. 107, § 155, although he writes merely his name upon the face of the
bill.

Contract by the payee of a bill of exchange against the
drawee, alleged to be the acceptor.    Writ in the District
Court of Natick dated June 3, 1924.

On removal to the Superior Court, the action was tried
before *Thayer*, J.    Material evidence is described in the
opinion.    By agreement of the parties, the trial judge
reported the action to this court on the stipulation that if
this court should hold that the instrument in question was
legally accepted by the defendant, then judgment was to be
entered for the plaintiff for the full amount of the bill and
interest thereon from the date of demand; but if this court
should determine that there was no liability under the
statute on the part of the defendant as a matter of law, then
judgment was to be entered for the defendant.

*H. C. Dunbar*, for the plaintiff.

*W. R. Bigelow*, for the defendant.

Pierce, J.    This is an action by the payee of a bill of
exchange against the drawee.    The bill is as follows:

"Natick, Sept. 24, 1923.

Maurice E. Temple

Please pay to the order of Hazel Lawliss $351.50/100 three
hundred and fifty one dollars & 50/100

Norris J. Temple

Maurice E. Temple"

The answer raised the question of the sufficiency of the
acceptance under G. L. c. 107, § 155, which is as follows:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money." The specific contention of the defendant is that the mere signature of the name of the drawee on the bill cannot fulfil the requirement of the statute that the signification of the assent of the drawee must be in writing and must also be signed. Before the passage of the negotiable instruments act, an oral acceptance of an existing bill of exchange was generally valid in this country and formerly was so in England. *Putnam National Bank* v. *Snow*, 172 Mass. 569, and cases cited at page 576. The reason for the adoption of the rule requiring acceptance in writing, like the underlying reason for the statute of frauds and similar statutes, "is that sound policy requires some substantial evidence of the contract and more reliable in its nature than the statement or recollection of witnesses." *Selma Savings Bank* v. *Webster County Bank*, 182 Ky. 604; 2 Am. L. R. 1136. See *Clarke* v. *Cock*, 4 East, 57, 72.

The common practice before the act was to write the word "accepted" on the face of the bill, followed by the signature of the acceptor. *Barnet* v. *Smith*, 30 N. H. 256; 64 Am. Dec. 290. But such was not necessary, as Sewall, J., said in *Storer* v. *Logan*, 9 Mass. 55 at page 59: "An acceptance entered upon a bill generally, or the blank endorsement of the name of the drawee, holds him absolutely as the acceptor; and no conditions or stipulations, which he may have connected with his acceptance, unless expressed upon the bill, will avail him against an endorsee or payee, to whom the bill has been negotiated, and who had received the bill as accepted, without notice of the conditions."

It was said by Cowen, J., in *Spear* v. *Pratt*, 2 Hill, 582, in considering the legal valuation of the mere signature by the drawee on the bill, under a statute of New York which required the acceptance to be in writing and signed by the acceptor or his agent, "The acceptance in question was, as we have seen, declared by the law merchant to be both a

*writing* and *signing.* The statute contains no declaration that it should be considered less. An endorsement must be *in writing* and *signed;* yet the name alone is constantly holden to satisfy the requisition." This case was approved in *Walker* v. *Bank of the State of New York,* 13 Barb. 636 638, and followed in *Wheeler* v. *Webster,* 1 E. D. Smith, 1., *Levy & Cohn Mule Co.* v. *Kauffman,* 114 Fed. Rep. 170. 52 C. C. A. 126. *Fowler* v. *Gate City National Bank,* 88 Ga. 29. *Schwartz Kaufman & Co.* v. *Barringer,* 20 La. Ann. 419. *Peterson* v. *Hubbard,* 28 Mich. 197. *Mechanics' Bank* v. *Yager,* 62 Miss. 529. *Bacon* v. *Bates,* 53 Vt. 30. *Leslie* v. *Hastings,* 1 Mo. & Rob. 119.

The English statutes of 1 & 2 Geo. IV, c. 78, § 2, 19 & 20 Vict. c. 97, § 6, and 41 & 42 Vict. c. 13, § 1, are not of controlling force as the defendant contends in our determination of the construction to be given to the negotiable instruments act, G. L. c. 107, § 155. *Corlett* v. *Conway,* 5 M. & W. 653, 655. *Hindhaugh* v. *Blakey,* 3 C. P. D. 136.

We are of opinion that under G. L. c. 107, § 155, a drawee may be charged as acceptor although he writes merely his name upon the bill, and that any one taking the bill has the right to fill up a blank acceptance on the same principle that any holder may fill up a blank indorsement. *Storer* v. *Logan, supra, Spear* v. *Pratt, supra.*

The instrument in question was legally accepted. It follows in accordance with the terms of the stipulation that judgment is to be "entered for the plaintiff for the full amount of the bill and interest thereon from the date of demand as set forth in the second count."

*So ordered.*