ELIZABETH EMORY, executrix, plaintiff in error, vs. JAMES G. SMITH, for use, defendant in error.

1. Where there was a plea of *non est factum* by an executrix, to a note purporting to be signed by the son of the deceased for his father, who was at the time helpless and unable to attend to business, and the executrix was present in court at the trial, and was the widow of the deceased:

*Held,* that it was error in the court to charge the jury, in effect, that if the executrix could, by going on the stand as a witness, clear up any doubts there might be in the case, the jury might take her failure thus to be a witness into consideration, and might infer from such failure against her.

2. On the trial of an issue of *non est factum*, very slight evidence of the execution of the paper, is sufficient to justify the judge in submitting the whole question to the jury.

Charge of Court. Evidence. Witness. *Non est factum.* Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1874.

The note sued on was signed by the son of the testator for his father. The proof showed that the father was palsied, bed-ridden, and to a large extent imbecile. The executrix was the widow. The son denied the signature, but it was proven to be in his handwriting. He denied also any authority to sign. The consideration was shown.

With this statement, the case is sufficiently presented by the above head-notes.

JAMES M. MOBLEY; E. H. WORRILL, for plaintiff in error.

BLANDFORD & GARRARD; L. L. STANFORD, for defendant.

McCay, Judge.

1. We do not think it was proper for the judge to charge the jury as he did in this case. There was no evidence that the executrix knew the truth of this transaction, and it was altogether an unfair inference which the judge authorized the jury to draw from her failure to go on the stand. It assumes that if she had made herself a witness, and told the truth, she would have shown this son had authority to make the note sued on in his father's name. How does this appear? She had by her sworn plea denied it, and the son denied it. Why should she go on the stand; *any* evidence she could have given in her own favor must necessarily have been merely negative, since it is not possible she could know that the son did not get authority? He might have done so when she was not present. Her testimony, that as far as she knew he did not have authority, would have been incompetent. It was gratuitous, therefore, for the judge to assume that she with certainty knew the truth. Besides, we greatly doubt if the rule laid down by the judge is applicable to the case of a witness who is the party. Under this rule, it will be dangerous for a man to fail to put himself upon the stand, and the temptation to do so is great enough, in all conscience, without this addition to it. The plaintiff had a right to call her; why not put the presumption on him also?

2. We think there was no error in the judge's permitting the paper to be read. He did not by this decide it was proven; the issue was for the jury, and but very slight evidence was necessary to put the paper before them. Indeed, when the plea of *non est factum* is the issue, we are not prepared to say that the judge has anything to do with even a *prima facie* case.

Judgment reversed.