## JEWELL *v.* WALKER, executrix.

1. A debtor may in this State execute an absolute deed to his creditor for the purpose of securing a debt, without receiving from the creditor a bond to reconvey the property described in the deed upon payment of the debt.

   |109  241|
   |115   48|
   |109  241|
   |122  305|

2. Upon failure of the debtor to pay the debt at maturity, the creditor may institute suit thereon and may pray for and obtain a special judgment subjecting the property described in the deed to the payment of the debt.
3. In answer to a plea of non est factum it is only necessary for the plaintiff to make out a prima facie case of the execution of the instrument sued on, in order to authorize its admission in evidence.
4. A deed which recites that it was made "for and in consideration of —— dollars" is not inadmissible in evidence merely because the particular number of dollars is not expressed in the consideration clause.
5. In the present case the evidence was sufficient to show that the deed introduced in evidence was given to secure the payment of the note sued on.
6. On the trial of an action upon a promissory note, brought by the personal representative of a deceased payee, in which a plea of non est factum has been filed by the defendant, he is an incompetent witness to testify that alterations in the note were made after the execution and delivery of the same to the payee.

Argued October 12, — Decided November 8, 1899.

Complaint.  Before Judge Hart.  Baldwin superior court. January term, 1899.

*Rufus W. Roberts* and *Dessau, Bartlett & Ellis*, for plaintiff in error.  *John T. Allen* and *Hardeman, Davis & Turner*, contra.

SIMMONS, C. J.  Mrs. Walker as executrix of the will of Samuel Walker brought her action in the superior court of Baldwin county, against Jewell, upon a promissory note for $4,057 principal.  In her petition she prayed for a general judgment on the note, and set out a deed to certain described

real estate, which she alleged was made and delivered contemporaneously with the note and as security for the payment thereof, and prayed that she have a special judgment against the land described in the deed. To this action Jewell filed a general and special demurrer, the grounds of the special demurrer being as follows: (1) "Because paragraphs 2, 3, 4, and Exhibit 3 of said petition (the truth of the allegations therein being admitted for the purposes of this demurrer only) show that the alleged security deed was not executed under or in pursuance to section 2771 of the Code of 1895; that no bond to reconvey was given to the defendant, the same being, therefore, in law, an equitable mortgage and subject to foreclosure as such." (2) "The petition being complaint upon a promissory note, the prayer for a special lien and judgment against the property described in said deed could not be lawfully granted." This demurrer was overruled by the court, and the defendant excepted and assigns error thereon in this court. The case proceeded to trial, and resulted in a verdict for the plaintiff. The defendant filed a motion for a new trial upon grounds which will be hereinafter referred to, and this motion being overruled, he excepted.

1, 2. We agree with the trial judge that there was no merit in any of the grounds of demurrer filed to the plaintiff's petition. It is as well established by the decisions of this court as any principle can be, that a debtor has a right to make an absolute deed to his creditor to secure a debt, without any defeasance clause therein, and without requiring the creditor to execute to him a bond to reconvey the property when the debt is paid. The trouble under which counsel for plaintiff in error labored in filing these demurrers, and which led them to the erroneous conclusion that an absolute deed could not be made to secure a debt without a bond to reconvey being given by the creditor, grew out of a misapprehension of cases decided by this court in regard to the remedy of a creditor when he had taken a deed from his debtor to secure the debt and had given him a bond to reconvey upon payment of the debt. In other words, when the creditor undertook to follow the act of 1871 (Civil Code, § 2771 et seq.), this court held him down to the remedy prescribed by the act. This act provides that

when the debtor gives his creditor a deed to secure the debt and the creditor gives the debtor a bond to reconvey, title shall pass to the creditor, and he may sue the debtor in case of default in payment of the debt, recover a judgment, file a deed in the clerk's office, and levy on and sell the land as the debtor's property. As before remarked, this court in frequent decisions has held the creditor strictly to the terms of the act when he took a deed and gave a bond to reconvey thereunder.

In *Biggers* v. *Bird*, 55 *Ga.* 650, it was held that an absolute deed conveying land in fee simple passes the legal title, though made and delivered as security for a debt. In the opinion Bleckley, Judge, says: "An absolute deed, not for any cause illegal, passes title, even if given as security for money. This is the way it serves for security. The legal title is the security contracted for and given, and why should the courts not treat it and enforce it as the parties intended? Surely there is no law against putting the legal title in pledge for a debt—against passing that kind of title into the creditor by a *bona fide* conveyance, to abide in him, with all the incidents of ownership, until the debt is paid? If the parties wish to do such a thing, contract to do it, and proceed to carry their purpose into effect, we are aware of no obstacle in the law. It is not only innocent but in a high degree virtuous to secure honest debts; and equally so to stand to the agreed measure of security until they are paid. It does not follow, because a mortgage is only security, that every security is only a common mortgage. For instance, when negotiable paper is delivered as collateral, the legal title passes. Land is just as much the subject of transfer as negotiable paper; the only difference is, that title to land passes by deed, and title to negotiable paper passes by indorsement; or, if payable to bearer, by simple delivery. In respect to neither class of property is it essential for what purpose the transfer is made. Land, like notes, may pass as a gift, or as a sale, or as mere security. When, for any one of these objects, the owner wishes to convey the title, the law furnishes the appropriate instrumentality for the accomplishment of his design." See also *Roland* v. *Coleman*, 76 *Ga.* 652, and cases cited. In *Williamson* v. *Orient Ins. Co.*, 100 *Ga.* 791, this court held

that if a deed executed under the provisions of section 2771 of the Civil Code had no defeasance clause therein, it conveyed the title, whether there was a bond to reconvey or not. In many other cases the court has held that a debtor had a right to give an absolute deed to his land to secure his debt, before the passage of the act of 1871, and that that act did not deprive him of the right which every man has of dealing with his property as he pleases. When, therefore, a debtor makes an absolute deed to his creditor to secure his debt and fails to pay the same, the creditor may sue upon the debt, and in the same action, under our system of pleading, pray for a general judgment on the debt and for a special judgment subjecting the property embraced in the deed to the payment of this particular debt in preference to other debts contracted by the debtor. In the earlier cases this court held that a judgment did not bind the property specially unless there was a prayer in the declaration for a special judgment against the property; but subsequently it was held that while that was the proper practice, it was not absolutely necessary to pray for a special judgment, inasmuch as a general judgment would bind it. But that is no reason why a creditor, under our system of practice, should not pray for a general judgment on the debt and for a special judgment binding the property in the same action.

While a creditor who took an absolute deed as security for his debt and gave to his debtor no bond to reconvey could not pursue the remedy pointed out in the act of 1871 (Civil Code, § 2771 et seq.), the act of 1894 (Civil Code, § 5432) made this remedy applicable to him as well as to those creditors who took their securities under the act of 1871. *Williamson v. Orient Ins. Co.*, supra, and cases cited; *Coleman v. Maclean*, 101, *Ga.* 303. In the latter case Lumpkin, P. J., said that the act of 1894 (Acts 1894, p. 100) "extended this remedy to cases where land has been conveyed as security for debt, whether a bond for reconveyance was given to the debtor or not."

3. The demurrers having been overruled, the case proceeded to trial, and the plaintiff tendered in evidence the note sued on. It seems from the record that the defendant had filed a plea of non est factum. This plea put the burden upon the

plaintiff to prove the execution of the instrument sued on, before it could be admitted in evidence. The plaintiff assumed this burden and proved by a witness the signature of the defendant to the note. It appeared from the note that it had been originally dated May 15, and changed to May 25, 1894. This witness who testified as to the genuineness of the signature of the defendant also gave it as his opinion that the figure 2 was in the handwriting of the defendant. This certainly made out a prima facie case which authorized the judge to admit the note in evidence, and it was for the jury to say, under proper instructions from the court, which were given in this case, from the whole evidence whether the execution of the note had been fully proved. While it is the common practice in this State to file an ordinary plea of non est factum to an instrument in which an alteration has been made, I think the pleader should go further and state what the alteration consisted of, who made it, and that it was made with intent to defraud, etc., as prescribed in the code. A plea of non est factum proper simply denies the execution of the instrument sued on. The code declares that a party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting. Civil Code, § 3701. The plea in this case, properly construed, simply denies the execution of the note sued on, when it appears from the evidence, and is admitted by the defendant, that he signed the note, and his defense is that when tendered in evidence it was not in the shape it was when he signed it. He should have pointed out in his plea in what this difference consisted.

4. When the deed was offered in evidence it was objected to because the number of dollars in the consideration expressed therein was not specified, the expression being "for and in consideration of —— dollars." We agree with the court below that this was not a valid objection. While there must always be a consideration for a deed, yet it may or may not be expressed in the writing. In 2 Devlin on Deeds, § 809, it is said : " A deed was held to be a good bargain and sale deed where no amount was mentioned, but it was recited that the deed was made for 'a certain sum in hand paid'; so where the deed recites that it is

made 'for value received.'" In section 823 the same author says: "The only effect of this consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration. For every other purpose it is open to explanation, and may be varied by parol proof."

5. A further objection was made to the admissibility of the deed, on the ground that there was not sufficient evidence to connect the note with the deed or to show that the deed was given to secure the payment of the note. From a careful reading of the testimony, we think there was sufficient evidence to show both of these facts. It was argued here that the parol evidence introduced for this purpose was inadmissible under the statute of frauds. We have read the record carefully, and do not find any such question made therein, or even an intimation of it. So far as appears from the record, no objection was made to the introduction of the evidence. Not being in the record, we decline to pass upon the question although laboriously argued.

6. As before remarked, the defendant had filed a plea denying the execution of the note. He tendered himself as a witness to prove certain alterations in the note and deed. His testimony was objected to by the plaintiff, on the ground that Walker, the payee in the note and the grantee in the deed, was dead. The trial judge rejected the defendant's testimony, and this ruling was excepted to and made one of the grounds of his motion for a new trial. It was sought to prove by this witness that the alterations in the note and deed were made after they had been executed and delivered to Walker. The plaintiff's evidence established the fact that Walker was in possession of these papers at the time of his death, that they were in his safe in the same receptacle and were in the same condition when found as presented in court. This evidence, therefore, would make a direct conflict between Walker and the defendant, if Walker were in life. The effect of the defendant's testimony would have been that Walker made the alterations in the papers. Walker being dead, he could not testify and therefore deny that the alterations were made after the instruments were delivered to him. The presumption of law is that they were

made at the time the papers were executed.   The object of the law in refusing to allow a party to a case to testify as to "communications or transactions" with a deceased person whose personal representative is a party to the case on trial is to meet just such a case as this.   It would give the living party every advantage.   If the alterations were material and made with fraudulent intent, Walker's estate could not recover, and would thereby suffer a great loss upon the testimony of the defendant, when the dead man, had he been living, could have denied it. The reasoning in the case of *Neely* v. *Carter*, 96 *Ga.* 197, is controlling when applied to the facts of this case.   We think there was no error in rejecting the defendant's testimony.

*Judgment affirmed.   All the Justices concurring.*