*W. R. Hewlett,* for plaintiff in error.

---

## 8058. BANK OF NORWOOD v. CHAPMAN.

BROYLES, P. J. 1. The answer was not subject to general demurrer. The special demurrer interposed, not having been filed at the first term, could not legally be considered. By failing to object at the time fixed by law for that purpose, the plaintiff waived any defect in the form of the answer, and the court did not err in overruling the demurrer and in refusing to strike the answer. Civil Code (1910), § 5628; *Calhoun v. Mosley,* 114 *Ga.* 641 (2), 642 (40 S. E. 714); *Green v. Hambrick,* 118 *Ga.* 569 (5), 572 (45 S. E. 420); *Brown v. Georgia, Carolina & Northern Ry. Co.,* 119 *Ga.* 88, 91 (46 S. E. 71); *Ford v. Fargason,* 120 *Ga.* 708 (48 S. E. 180); *Potts-Thompson Co. v. Capital City Tobacco Co.,* 137 *Ga.* 648 (74 S. E. 279); *Watson v. Parian Paint Co.,* 138 *Ga.* 621 (75 S. E. 608); *Smith v. Ice Delivery Co.,* 8 *Ga. App.* 767 (70 S. E. 195). It matters not that the trial judge may have (as contended in the brief of counsel for plaintiff in error but not disclosed by the record) overruled the special demurrer and the motion to strike the answer on their merits. His ruling being correct, it is immaterial for what reason it was made.

2. There was no error in the admission of the evidence set out in the 1st and 9th grounds, respectively, of the amendment to the motion for a new trial. Such evidence was admissible for what it was worth, and it was for the jury to say whether it, in conjunction with the other evidence in the case, was sufficient to bind the plaintiff bank.

3. A ground of a motion for a new trial must be complete within itself. The 2d, 3d, 4th, 5th, 6th, 7th, and 8th grounds of the amendment to the motion for a new trial complain of the admission of certain documentary evidence, but, such evidence not being set forth therein, either

literally or in substance, under repeated rulings of the Supreme Court and of this court these assignments of error can not be considered.

4. The 10th ground of the amendment to the motion for a new trial is in substance a recapitulation, or omnibus complaint covering practically all, of the objections made to the evidence which was admitted, and to the rulings of the court thereon, which had been separately assigned as error in the preceding grounds of the motion. In the state in which this ground of the motion is presented it presents no question for consideration.

5. Under the facts of the case it was not error for the court to refuse to give the requested instructions set forth in the 11th, 12th, and 13th grounds of the amendment to the motion for a new trial.

6. This was a suit brought by the Bank of Norwood upon a note signed by J. W. Chapman and made payable to "myself or order," and apparently indorsed by the maker. The defendant, Chapman, having filed a verified plea of non est factum as to the indorsement of the note, the court did not err in "repeatedly" instructing the jury that "the burden was upon the Bank of Norwood to show, by a preponderance of the evidence, that J. W. Chapman indorsed the note on the back." While it was held in *Emory* v. *Smith*, 54 *Ga.* 273 (2), that "slight evidence is sufficient to carry the issue of non est factum to the jury," yet, under repeated rulings of the Supreme Court and of this court, the effect of the plea of non est factum is to put the burden upon the plaintiff to prove by a preponderance of the evidence the execution of the contract sought to be enforced.

7. There is no merit in the 15th ground of the amendment to the motion for a new trial, which excepts to the charge as a whole.

8. The verdict for the defendant was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 5, 1917. REHEARING DENIED APRIL 24, 1917.

Complaint; from Warren superior court—Judge Walker. May 20, 1916.

*L. D. McGregor*, for plaintiff. *M. L. Fells*, for defendant.

ON MOTION FOR REHEARING.

BROYLES, P. J. It is strongly contended by the able counsel for the plaintiff in error, in his motion for a rehearing, that, under the ruling of the Supreme Court in *Emory* v. *Smith*, 54 *Ga.* 273, and *Jewell* v. *Walker*, 109 *Ga.* 241 (34 S. E. 337), the trial judge erred in this case in instructing the jury that "the burden was upon the Bank of Norwood to show, by a preponderance of the evidence, that J. W. Chapman indorsed the note on the back." In the *Emory* case, supra, it was held, that "On the trial of an issue of non est factum, very slight evidence of the execution of the paper is sufficient to justify the judge in submitting the whole question to the jury;" and in the opinion by McCay, J., it was

said: "We think there was no error in the judge's permitting the paper to be read. He did not by this decide it was proven; the issue was for the jury, and but very slight evidence was necessary to put the paper before them. Indeed, when the plea of non est factum is the issue, we are not prepared to say that the judge has anything to do with even a prima facie case." In the *Jewell* case, supra, the third headnote is as follows: "In answer to a plea of non est factum it is only necessary for the plaintiff to make out a prima facie case of the execution of the instrument sued on, in order to authorize its admission in evidence." In the opinion in that case, written by Simmons, C. J., it is said: "The plaintiff tendered in evidence the note sued on. It seems from the record that the defendant filed a plea of non est factum. This plea put the burden upon the plaintiff to prove the execution of the instrument sued on, before it could be admitted in evidence. The plaintiff assumed this burden and proved by a witness the signature of the defendant to the note. It appeared from the note that it had been originally dated May 15, and changed to May 25, 1894. This witness, who testified as to the genuineness of the signature of the defendant, also gave it as his opinion that the figure 2 was in the handwriting of the defendant. This certainly made out a prima facie case which authorized the judge to admit the note in evidence, and it was for the jury to say, *under proper instructions from the court, which were given in this case,* from the whole evidence, whether the execution of the note had been fully proved" (italics ours).

In our judgment neither of these cases bears out the contention of counsel. In the first case cited the ruling is merely to the effect that on the trial of the issue of non est factum slight evidence of the execution of the paper is sufficient *to carry the issue to the jury,* but, as was said by Chief Justice Simmons in the language just quoted from the *Jewell* case, this issue should be submitted to the jury "under proper instructions from the court;" and in the latter case the original record on file in the office of the clerk of the Supreme Court shows that the instructions by the court to the jury, which were characterized by the Supreme Court as proper instructions upon this subject, were as follows: "You observe that the pleadings make two issues for you to determine.

The first is whether or not this is the act of the defendant so far as the note is concerned, and secondly, whether the deed was given to secure this note. As you may find these issues to be, your verdict must necessarily follow. It is the duty of the court to instruct you as to the burden of proof in the case, as to how you shall weigh and value testimony, as well as to instruct you as to the form of your verdict. *The burden of proof in the case is on the plaintiff, that is, it is incumbent upon the plaintiff, Mrs. Walker, to satisfy you, by a preponderance of the evidence, that her contention is the true one. She is not required to furnish testimony wholly freeing your mind from doubt, but a preponderance and weight of evidence"* (italics ours).

It seems clear that the decisions in these two cases relied on by counsel for the plaintiff in error are not opposed to the ruling in the instant case. While "slight evidence" for the plaintiff may make a prima facie case, sufficient to prevent a nonsuit and to carry it to the jury, it by no means follows, when this "slight evidence" for the plaintiff is met and combated by evidence introduced by the defendant, that the plaintiff is then entitled to prevail before the jury. The plaintiff's slight evidence may be sufficient to carry him safely to the jury, but when, after reaching the jury, this evidence is attacked by evidence from the defendant, then, before the plaintiff is entitled to prevail, it is incumbent upon him to bring up reinforcements in the shape of a preponderance of the evidence. If counsel's contention were carried to its logical conclusion, it would mean that in any case where there was sufficient evidence to avoid a nonsuit, no matter what rebutting evidence had been presented by the defendant, it would be erroneous for the judge to instruct the jury that before the plaintiff was entitled to recover he must prove his contentions by a preponderance of the evidence. This would be in the very teeth of that universally recognized principle of law, that the plaintiff has the burden of proving his case by a preponderance of the evidence.

We are firmly of the opinion that where a verified plea of non est factum has been filed, although slight evidence as to the execution of the paper in question may prevent a nonsuit and carry the case to the jury, yet when this slight evidence has been met by evidence to the contrary, then the burden is upon the plaintiff to

prove the execution of the paper by a preponderance of the evidence, and that a charge to this effect is not erroneous.

    *Rehearing denied. Jenkins and Bloodworth, JJ., concur.*