FLANDERS *v.* COOK, administrator.

ATKINSON, J. 1. In the former decision of this case (*Cook* v. *Flanders*, 164 *Ga.* 279) it was stated that the proper decision depends upon a correct construction of the deed. The first headnote was as follows: "A deed between Nancy J. Maddox, grantor, and H. R. Maddox and Mrs. M. A. Rains, children of the grantor, ' their lifetime, and at their death to be equally divided between ' grantor's grandchildren, whereby the grantor conveyed a tract of land ' unto the said H. R. Maddox and M. A. Rains, and their bodily heirs after their decease, ' the same to be used by grantor until her death, and ' after then to my [grantor's] children and grandchildren as aforesaid, their heirs and assigns, ' and containing in the granting clause this reservation: ' I [grantor] reserve entire control, and reserve the rents and profits arising therefrom until my death, and after my death to be equally divided between my children, and at their death to be equally divided between their children, ' conveyed to the children of the grantor life-estates in the portions of said tract falling to them under the division of said tract had between them after the death of the grantor, with remainders, in the portion falling to each of the life-tenants under such division, in the children of such life-tenant, to be equally divided between his or her children; and did not create remainders in all of grantor's grandchildren, children of the life-tenants, in the whole of the tract conveyed by the deed, the whole tract to be divided equally between all such grandchildren at the deaths of the life-tenants." *Held:*

(*a*) Under this construction of the deed, title to the property in dispute by force of the deed was vested in Mrs. Gatlin at the time of her conveyance to the plaintiff Cook.

(*b*) The deed was not ambiguous. It is true that the writer of the opinion stated that "This deed was very inartificially drawn, and its construction is not free from doubt," but the doubt referred to was fully removed by the further analysis of the language of the deed.

(*c*) The language of the deed being unambiguous, its construction was for the court, and parol evidence was inadmissible to vary its meaning.

(*d*) The judge did not err in rejecting the evidence to explain the deed.

2. A verdict for the defendants was not required on the theory that the defendants acquired a better title than the plaintiff from Mrs. Gatlin,

in virtue of the prior unexecuted parol agreement to divide the land into four parts and the subsequent deed executed in pursuance of this agreement. The evidence authorized a finding that the plaintiff did not have notice of this agreement, and that the agreement and deed were merely voluntary upon the part of Mrs. Gatlin, and that the plaintiff was a purchaser for value with a duly executed and recorded deed. The evidence, being of such character, authorized a finding that the plaintiff had a better title. *Black* v. *Thornton*, 31 *Ga.* 641.

3. The grounds of the motion for a new trial do not raise the question that there were questions of fact that should have been submitted to the jury; therefore no such question is presented for decision. *Kerce* v. *Davis*, 165 *Ga.* 168 (140 S. E. 287).

4. The judge did not err in overruling the defendant's motion for new trial. *Judgment affirmed. All the Justices concur.*

No. 6405. SEPTEMBER 15, 1928.

68

*W. C. Brinson, B. B. Blount,* and *A. L. Hatcher,* for plaintiff in error.

*Claxton & Cook* and *J. L. Kent,* contra.