## 22149.  O'NEAL *v.* LIDE.

BROYLES, C. J.  1. Assignments of error in a petition for certiorari must plainly and distinctly set forth the errors complained of.  Civil Code (1910), § 5183.

2. This case was tried in the municipal court of Atlanta, and the trial judge directed a verdict in favor of the plaintiff.  The defendant moved for a new trial upon the sole ground that "the judge erred in directing said verdict."  The motion was overruled and an appeal was taken to the appellate division of the court upon the single ground that the trial judge "erred in not granting him [the movant] a new trial."  The judgment of the trial judge was affirmed by the judges sitting in the appellate division of the court.  Subsequently the defendant obtained from the superior court a writ of certiorari, and the only assignment of error in the petition for certiorari (with the exception of the two ·assignments heretofore quoted) is as follows:  "Petitioner assigns error on· the part of said judges of said appellate division as follows: in that they refused to set aside the judgment of said trial judge in denying him a new trial and in affirming the judgment appealed from."  As the motion for a new trial contained the single ground that "the judge erred in directing said verdict," without alleging that there were questions of fact that should have been submitted to the jury, no question was presented for decision (*Flanders* v. *Cook,* 167 *Ga.* 66 (3), 144 S. E. 903), and the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.  REHEARING DENIED MAY 10, 1932.

*W. H. Terrell,* for plaintiff in error.
*Augustine Sams,* contra.