### 24008. HALL v. EUFAULA BRICK COMPANY.

MacINTYRE, J. 1. The court directed a verdict against the defendant on a draft drawn in plaintiff's favor and signed in the name of the defendant by one Beasley. To the suit on the draft the defendant interposed his plea of non est factum. "The plea of non est factum is a denial of the execution of the instrument sued upon, and applies to notes and other instruments, as well as deeds, and applies only when the execution of the instrument is alleged to be the act of the party filing the plea, or adopted by him." Civil Code (1910), § 5676. A plea of non est factum positively denying the execution of the instrument sued on casts the burden of proving the execution upon the plaintiff. *Emery* v. *Smith*, 54 *Ga.* 273; *Martin* v. *Lamb*, 77 *Ga.* 252 (3 S. E. 10); *Jewel* v. *Walker*, 109 *Ga.* 241 (34 S. E. 337).

(a) Hence, where a witness for the plaintiff testified that he was employed by the plaintiff, a brick company, that he was present in the office of

the defendant when the draft was drawn and *saw it signed*, that it was delivered to him, that C. G. Beasley drew the same, signed it, and delivered it to the witness in the defendant's presence, that witness accepted the draft, and that the same was given for invoice covering a carload of brick, and the defendant did not deny or explain this evidence and offered no evidence whatsoever in support of his plea of non est factum, and there was no other evidence tending to deny the execution of the draft, the evidence supported the verdict for the plaintiff, and the trial judge did not err in overruling defendant's motion for a new trial.

(*b*) In such circumstances, the trial judge did not err in admitting in evidence the draft sued on, over objection by the defendant.

2. Where the trial judge directs a verdict for the plaintiff, and there is no special assignment of error upon the direction of the verdict, but the defendant moves for a new trial upon the general grounds, and upon the ground that the court erred in admitting certain evidence, this court will not reverse a judgment overruling the motion for new trial, no error of law appearing, if the evidence adduced upon the trial was sufficient to authorize a verdict for the plaintiff. *Braswell* v. *Federal Land Bank*, 169 *Ga.* 235 (149 S. E. 785); *Cusic* v. *Holland Furnace Co.*, 43 *Ga. App.* 770 (2) (159 S. E. 882); *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103); *O'Neal* v. *Lide*, 45 *Ga. App.* 235 (164 S. E. 110); *Travelers Fire Ins. Co.* v. *Thornton*, 45 *Ga. App.* 203 (164 S. E. 98). "Under repeated rulings of the Supreme Court and of this court, where a verdict is directed and the losing party excepts to the overruling of his motion for new trial but does not complain, either in the bill of exceptions or in the motion for new trial, of the direction of the verdict, the reviewing court will consider, in this connection, only the question whether the verdict is supported by the evidence." *Levinson* v. *Guggenheimer Inc.*, 38 *Ga. App.* 569 (144 S. E. 339). (*a*) The proper assignment of error upon the direction of a verdict embodied in a motion for a new trial is that the court erred in directing a verdict against the movant, that the verdict directed was error because it was not demanded by the evidence, and that there was evidence which would have authorized the jury to find a verdict for the movant, or that there were issues of fact which should have been submitted to the jury.

3. There is a request by the defendant in error to assess damages. "Ten per cent. damages may be awarded by the Supreme Court upon any judgment for a sum certain, which has been carried to the said court, and there affirmed; provided, in their opinion, the cause was taken up for delay only, and it shall be so entered in the remittitur." Civil Code (1910), § 6213. However, this court is not fully convinced that this case was brought up for the purpose of delay only, and as it has a discretion in the manner, the request to assess damages is denied. *Robinson* v. *Woodruff Machinery Mfg. Co.*, 23 *Ga. App.* 426 (98 S. E. 405); *Hancock* v. *Tifton Guano Co.*, 19 *Ga. App.* 185 (91 S. E. 246); *Majette* v. *Strickland*, 30 *Ga. App.* 624 (118 S. E. 477); *Royal* v. *Montfort*, 30 *Ga. App.* 780 (119 S. E. 427).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 1, 1935.

468

*A. H. Gray,* for plaintiff in error.    *N. L. Stapleton,* contra.