30378. HARDIN *v.* ATLANTA GAS LIGHT COMPANY.

64

DECIDED MAY 6, 1944.

*W. B. Mitchell,* for plaintiffs in error.

*Frank B. Willingham,* contra.

PARKER, J. Atlanta Gas Light Company, a corporation doing business as Georgia Natural Gas, brought suit against H. H. Hardin individually, and as surviving partner of a partnership formerly existing and composed of T. J. and H. H. Hardin, and as executor of T. J. Hardin, deceased, for the purchase-price, together with interest, of four hot-water heaters and accessories, allegedly ordered and purchased from the plaintiff. Attached to the petition and therein incorporated by reference was a copy of a written contract alleged to have been the agreement under which the equipment was sold. According to the exhibit, the purchase-price of the articles was to have been paid in 30 days from November 11, 1938, the date of the instrument. The purported contract was executed as follows: "Buyer: T. J. & H. H. Hardin by E. H. Reese. Seller: Ga. Nat. Gas by D. E. Adams. V. R. McGee N. P. (Witness.)" The writing contained a stipulation that, "This instrument is the full and complete agreement between the buyer and seller." H. H. Hardin in his several capacities as defendant filed an answer alleging that the signature of the partnership was either a forgery or that it was signed by a person who did not have au-

thority to execute it. The answer further alleged that the heaters, etc., were bought with the understanding that they were to be installed in buildings of the defendant located in the community and on a street not served with gas mains, that the plaintiff orally agreed to extend its lines so as to serve the said buildings, that the purchase-money for the heaters would not become due until the lines were so extended, and that the defendant had been damaged at the rate of $10 per month because of the plaintiff's failure to extend the lines; that since the lines had not been extended, the purchase-price of the heaters had not become due. The court sustained several special demurrers and struck the allegations of the answer with reference to the alleged agreement by the plaintiff to extend its mains and the parts regarding the defendant's damage on account of the failure of the plaintiff to extend the lines. To this ruling the defendant excepted pendente lite. On the day of the trial the defendant amended his answer by alleging payment by a check dated November 14, 1939, payable to the trade name of the plaintiff, and deposited by the plaintiff under its trade name in the Farmers Bank, Forsyth, Georgia.

On the trial the evidence showed that H. H. Hardin had negotiated with the plaintiff's agent for the purchase of the heaters and equipment mentioned in the suit; that when the articles were ready for delivery, the agent obtained the execution of the contract in the form alleged; that the heaters and equipment went into properties owned or managed by H. H. Hardin; that there had been correspondence between the plaintiff and H. H. Hardin regarding payment for the goods; and that the correspondence, which was introduced in evidence, showed that the reasons assigned for nonpayment were contentions by H. H. Hardin that the plaintiff was obligated to extend its gas lines to accommodate certain of his properties (the same contentions set up in the answer that had been stricken on demurrer). H. H. Hardin denied that Reese had authority to execute the contract. He exhibited a check, which was introduced in evidence, in the amount of $250 and which otherwise fitted the description of the check alleged in the defendant's amendment to have been given in payment of the obligation sued on, and testified that the check was given in payment for the goods that were the subject-matter of the suit, and that the surplus over and above the $213.50 (purchase-price of the articles) was in-

tended to have been applied upon payment for other articles purchased of the plaintiff. He explained that his reason for not alleging payment until the day of the trial was that he had not thoroughly "checked up" when he originally answered the suit, and did not know until later that he had paid for the articles embraced by the suit. Without objection, the plaintiff introduced in evidence three pages identified by a witness, cashier for the plaintiff in its office at Forsyth, as sheets from the plaintiff's ledger. From these sheets and the accompanying testimony it appeared that in addition to the articles received by H. H. Hardin as a basis for this action, he purchased four other water heaters from the plaintiff, one on May 4, 1939, for $62.50, two on June 12, 1939, for $125, and one on September 8, 1939, for $62.50; total $250. Payment for the last-named heaters was credited by the plaintiff as of November 14, 1939, the date of the $250 check Hardin claimed was given in payment for the articles constituting the basis for this suit. The alleged written contract signed, "T. J. & H. H. Hardin by E. H. Reese," was introduced in evidence by the plaintiff.

The jury found for the plaintiff $213.50 principal, and interest at the rate of 7% per annum, amounting to $68.94. Judgment was entered against H. H. Hardin individually, and as surviving partner of T. J. & H. H. Hardin, and as executor of T. J. Hardin, deceased, jointly and severally.

The defendant made a motion for new trial, which was amended by the addition of five special grounds, three of them attacking the court's charge to the jury, and two complaining of the admission in evidence of the contract and the ledger sheets of the plaintiff. The motion, as amended, was overruled, and the defendant excepted. He assigned error also on the exceptions pendente lite.

■ It was not error to sustain the demurrers to such portions of the answer and its amendments as attempted to set up an oral agreement by the plaintiff to extend its gas lines, and the defendant's resulting damage because of the failure to make such extension, for the written contract declared upon stipulated that it contained the full and complete agreement between the parties, and it contained no agreement by the plaintiff to extend any gas lines so as to accommodate the defendant's properties.

■ One ground of the amendment to the motion for new trial assigns error on the admission in evidence of the contract sued on. It is contended that the evidence did not justify a consideration of the instrument as the undertaking of the partnership or of H. H. Hardin as an individual; that the evidence showed that H. H. Hardin as an individual received the goods, and that the partnership enjoyed no benefit therefrom. There is evidence to the effect that the purported agent who signed the contract for the partnership was held out to the public as manager for the "company," and there is evidence also that the agent for the plaintiff in nearly all of the dealings after the original negotiations with H. H. Hardin for the purchase of the articles, conducted the transactions through the alleged agent of the partnership; and H. H. Hardin, according to his own testimony, received and made use of the equipment. His putting to use goods coming into his possession by virtue of the acts of the alleged agent authorized the jury to infer that the agent was acting with authority, or that his acts were ratified on behalf of and during the existence of the partnership. The plaintiff was not bound to follow up and determine what disposition the partners made of the articles among themselves. Under the law the jury could have found as a fact that H. H. Hardin's receiving the goods and not returning them, or offering to return them, either demonstrated that Reese signed the contract under authority from the partners, or indicated that the act of executing the contract was ratified by the conduct of one of the partners. This is true in spite of H. H. Hardin's denial of the agent's authority and his claim that he had never seen the contract until shortly before suit was instituted thereon.

■ As for the complaint that the court erroneously allowed in evidence the plaintiff's ledger sheets, it appears that no objection was made to the admission thereof; nor was any objection interposed at the time to the accompanying testimony identifying and explaining the contents of the ledger sheets. Though the defense may have at the time demanded stricter proof of the matter sought to have been proved, by not timely objecting the right was waived, and the defendant could not later be heard to complain. This principle is well settled in our practice rules.

■ No harmful error appears from the portions of the charge excepted to. The first excerpt complained against recites that the

issue in the case is the validity of the contract. Whether or not the contract declared upon was executed by the purported agent for the partnership, the partners received the goods, never returning or offered to return them, and thus ratified the act of the agent. Substantially the same objections are made to this charge as are made to the admission of the contract in evidence. The same principles expressed in division 2 of this opinion with respect to the admission of the contract in evidence apply equally here. The remaining complaints against the charge in effect challenge the court's reference to H. H. Hardin by name and as the defendant. This was not injurious in the light of the previous instructions that the issue was on the existence of a valid enforceable contract between the plaintiff and the formerly existing partnership. H. H. Hardin was not only defending the action for himself, but also in other capacities stood in the stead of the deceased partner. Reference to and calling him by name instead of appropriately repeating the partnership style, and partners' names, was apparently nothing more than a convenience employed by the court in view of H. H. Hardin's position as defendant for all interests. Such could not have confused the jury in the light of the charge taken as a whole.

*Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., dissenting. The verdict for the plaintiff was not supported by the evidence for the reason that it does not show that E. H. Reese had authority to execute the contract sued on as agent of the partnership. A witness for the gas company testified: "The position Mr. Reese held, as far as I know, was manager and in charge of *Mr. Hardin's* office, and in fact all the dealings I had in any shape or form were with Mr. Reese." The same witness also testified that all dealings he had through Mr. Reese with Mr. Hardin were "O. K." so far as he knew and that he acted under the impression that Reese was *Hardin's* agent, looking after the building and *his* business, and that his recollection was that all checks from the *Hardin* office were signed by Reese. The evidence likewise does not support the verdict on the theory that it was ratified by the partnership. There was no evidence that T. J. Hardin had notice that Reese executed the contract. It is elemental that neither member of the partnership can be said to have ratified the signature of Reese to the contract until he knew of the fact that Reese had purportedly signed as agent of the partnership.

The evidence shows that the first notice H. H. Hardin had that Reese executed the contract was a few weeks before he was served with a copy of the suit. The petition shows that T. J. Hardin *was dead at that time,* and in the absence of a provision to that effect in the articles of partnership, or in the will of the deceased partner, the surviving partner had no authority to bind a partnership which had been dissolved by the death of a partner by the making of a new contract or the ratification of an old one by which the partnership was not originally bound. See *Maynard* v. *Maynard,* 147 *Ga.* 178 (93 S. E. 289, L. R. A. 1918A, 81) ; Code, §§ 75-208, 75-209, 75-210; *Griggs* v. *Swift,* 82 *Ga.* 392 (9 S. E. 1062, 5 L. R. A. 405, 14 Am. St. R. 176) ; 40 Am. Jur. 326, § 285; id. 339, § 302. The court erred in admitting in evidence the contract sued on for the reasons stated above.

■ The court charged the jury as follows: "There is only one issue in the case, that is whether there was an obligation such as is depended upon signed by any one for the defendants T. J. & H. H. Hardin in this case. That person is designated as a Mr. Reese. The plaintiff contends that Mr. Reese signed the contract, and contends that he did it as an agent for T. J. & H. H. Hardin, and that the defendants, T. J. & H. H. Hardin, received the goods that are described in the contract, and that they have never returned or offered to return those goods to the plaintiff, and have thus ratified the act of Mr. Reese as their agent. If you find that to be the truth of the case, then you would find in favor of the plaintiff." This charge was error for the reason that there is no evidence that during the lifetime of both the partners either one of them knew that Reese had signed the contract sued on as their agent and that they or either of them retained the fruits of the contract with that knowledge, and because the surviving partner could not ratify the contract after the death of a partner in the absence of such authority in the articles of partnership or the will of the deceased partner. See authorities cited above.

■ The court charged the jury as follows: "Now, if you believe that Mr. Reese acted as the agent of the defendant, and that he signed the contract which is sued on, the original of which has been introduced in evidence, and that Mr. H. H. Hardin ratified the act of Reese by accepting and retaining the goods in his possession without paying for them, you would be authorized to

find a verdict for the plaintiff for the amount sued for." This charge was error for the reasons stated in the preceding paragraph.

The court charged the jury as follows: "If you believe that the goods specified in the petition were received by Mr. Hardin and never paid for, then, if you believe that Mr. Reese signed the contract sued on as agent for Mr. Hardin, that signing would become the act of Mr. Hardin himself, and you would be authorized to find for the plaintiff." This charge was error for the reason that there was no evidence to authorize a finding that Reese had authority to sign the contract as agent either for the partnership or for H. H. Hardin.