32251. H. J. McGRATH COMPANY *v.* MOBLEY *et al.*

Decided March 15, 1949.

*Lawson E. Thompson,* for plaintiff.

*Stevens & Stevens,* for defendants.

MACINTYRE, P. J. A plea of non est factum positively denying the execution of an instrument sued on casts the burden of proving the execution upon the plaintiff. *Martin* v. *Lamb,* 77 *Ga.* 252 (3 S. E. 10); *Jewell* v. *Walker,* 109 *Ga.* 241 (34 S. E. 337); *Hall* v. *Eufaula Brick Co.,* 50 *Ga. App.* 466 (178 S. E. 403); *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (6) (92 S. E. 225). But, in answer to a plea of non est factum, it is only necessary for the plaintiff to make out a prima facie case of the execution of the instrument sued on in order to authorize its admission in evidence (*Jewell* v. *Walker,* supra; *Farmers & Merchants Bank* v. *Stovall Investment Co.,* 50 *Ga. App.* 277, 280, 177 S. E. 882; *Bank of Norwood* v. *Chapman,* supra); and, on the trial of an issue of non est factum, very slight evidence of the execution of the paper is sufficient to justify the judge in submitting the whole question to the jury (*Emory* v. *Smith,* 54 *Ga.* 273); and, after the introduction of some proof of the execution, the issue made under the plea must be determined by the jury according to the preponderance of the evidence. *Steiner* v. *Blair,* 38 *Ga. App.* 753, 754 (145 S. E. 471). Code § 38-409 provides: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission."

Applying the rules above to the evidence which we have set out

in the statement of facts preceding this opinion, we think that the jury was authorized to find that the broker, Yarbrough, was either authorized to sign the order for the beans for the partnership or, if not, that the partnership ratified his action in so doing by subsequent conduct, such as to obviate the necessity of proof of the actual execution of the contract by the partnership. One of the partners, H. T. Mobley, testified that he placed the order for the beans with Yarbrough by telephone, and that Yarbrough or someone signed the name of the defendant partnership to a written order and sent the paper thus signed to the plaintiff. The plaintiff testified through one of its officers, Robert Mairs, that the plaintiff received the order thus signed, accepted and signed it, and returned a copy of it, thus signed by the plaintiff and the defendants, to the defendants. The defendant Mobley testified that he received the copy, thus signed, either directly from the plaintiff or by way of the broker Yarbrough, but that, either way, the defendants partnership received it a few days after the oral order had been placed with Yarbrough; and that he did nothing about the matter as he considered this paper to be only a "confirmation." The plaintiff testified that some months later, in the regular order of business and in accordance with the provisions of the written contract, they shipped the beans to the defendant partnership. It appears from the evidence that, after the beans had been shipped, the defendants refused to accept them and notified the plaintiff for the first time of the partnership's denial of the written contract. See, upon the question of such conduct, *Hardin* v. *Atlanta Gas Light Co.*, 71 *Ga. App.* 63 (30 S. E. 2d, 121).

We think, therefore, that under the facts of this case, the court erred in failing to submit to the jury the issue raised by the plea of non est factum and the evidence, and that consequently the court erred in granting the nonsuit.

*Judgment reversed. Gardner and Townsend, JJ., concur.*