32659. ELLIOTT *v.* LEVY *et al.*

DECIDED DECEMBER 2, 1949.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff.

*Andrews & Nall, J. Kurt Holland, Stanley P. Meyerson,* for defendants.

WORRILL, J. This case is before this court for the second time. For a statement of the pleadings and the nature of the case see *Elliott v. Levy,* 77 *Ga. App.* 562 (49 S. E. 2d, 179). After the case was sent back to the trial court the defendants amended their answer by alleging that the plaintiff had assigned whatever claim he may have had against the defendants. Upon the trial of the case the plaintiff's evidence tended to support the allegations of the petition, and the defendant introduced evidence tending to show that it exercised the requisite degree of care in protecting the plaintiff's property after it was bailed to them. The defendants introduced evidence by way of exhibits, identified by the plaintiff on cross-examination, showing that the plaintiff had received from his insurance carrier a sum of money in settlement of his claim under his policy of insurance for the loss of his automobile by theft and that he had executed in return therefor a subrogation agreement in connection with the proof of loss, wherein he assigned to the insurance carrier his claims and demands to the extent of such payment, against any party because of such theft. There was evidence that the plaintiff also executed what is known as a loan receipt, wherein it appeared that the plaintiff agreed to repay to the insurance company the amount

so loaned in the event he effected any recovery from third persons because of the loss of his automobile.

It appears from the bill of exceptions that the court, at the conclusion of the testimony, directed a verdict for the defendants on their motion, but the only exception before this court is to the overruling of a timely motion for a new trial on the following grounds: "1st. Because the verdict is contrary to evidence and without evidence to support it. 2d. Because the verdict is decidedly and strongly against the weight of the evidence. 3rd. Because the verdict is contrary to law and the principles of justice and equity."

"Where the trial judge directs a verdict for the plaintiff, and there is no special assignment of error upon the direction of the verdict, but the defendant moves for a new trial upon the general grounds . . this court will not reverse a judgment overruling the motion for new trial, no error of law appearing, if the evidence adduced upon the trial was sufficient to authorize a verdict for the plaintiff. . . 'Under repeated rulings of the Supreme Court and of this court, where a verdict is directed and the losing party excepts to the overruling of his motion for new trial but does not complain, either in the bill of exceptions or in the motion for new trial, of the direction of the verdict, the reviewing court will consider in this connection, only the question whether the verdict is supported by the evidence.' *Levinson* v. *Guggenheimer, Inc.,* 38 *Ga. App.* 569 (144 S. E. 339)." *Hall* v. *Eufaula Brick Co.,* 50 *Ga. App.* 466 (2) (178 S. E. 403). Under this well-settled principle of law, then, we have for consideration only the question of whether the evidence supported the verdict. We think that there was evidence authorizing a verdict for the defendants on the theory that the defendants had exercised ordinary care in the protection of the plaintiff's automobile after its bailment to them, and for this reason the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*