HARDY BRYAN, plaintiff in error, *vs.* EPHRIAM G. PONDER, trustee, defendant in error.

[1.] All the parties defendant in a cause instituted in a State Court, subject to be removed to a Circuit Court of the United States, under the provisions of the 12th sec. of the Judiciary Act of the United States, psssed in 1789, must join in the petition for removal.

[2.] An affidavit, "to the best of the knowledge and belief" of the affiant is not sufficient to warrant the issuing of a writ of *ne exeat*, and such a writ ordered on such an affidavit will be discharged on motion.

In Equity, from Thomas Superior Court. Decision by Judge COCHRAN, at June Term, 1857.

This was a bill filed by Ephraim G. Ponder, trustee of Mrs. Mary A. E. Atkinson, against Hardy Bryan, (formerly of the State of Georgia, but at the time of the filing of the bill a citizen of the State of Louisiana,) and Shadrack Atkinson, the husband of said Mary A. E., the *cestui que trust*, of the State of Florida.

As the decision of this Court is made upon questions not arising out of the facts of the case, it is not necessary to state them.

The bill amongst other things, prayed for a *ne exeat* against Bryan, which issued under the sanction and order of the

Chancellor, upon  the following affidavit made by the *cestui que trust*, to-wit:

GEORGIA,        ⎫  In person appeared before me, Thomas
THOMAS COUNTY. ⎭  Simmons, a Justice  of the Peace in and for said county, Mary A. E. Atkinson, who being duly sworn, deposeth and saith, that, to the best of her knowledge and belief, the statements in the above bill are true and correct in fact.

(Signed)        MARY A. E. ATKINSON.

Nov. 30th, 1855.

THOMAS SIMMONS, J. P.

The bill was *returnable to* May Term, 1856, at which Term complainant applied for an order to have service perfected on Atkinson by publication.   Defendant, Bryan, had been arrested under the writ of *ne exeat* issued, and had given bond with security, as required.   At December Term, 1856, the usual rule was taken, requiring the defendant to appear at the next Term of the Court, and plead, answer or demur, not demurring alone, to the bill.   At the next Term, being June Term, 1857, Bryan appeared and petitioned the Court for a removal and transfer of the case to the Circuit Court of the United States for the District of Georgia, in accordance with the 12th sec. of the Judiciary Act of the United States, passed in 1799, alleging that he was a citizen of the State of Louisiana, and that the amount involved exceeded the sum of five hundred dollars.

The Court refused *to* grant or allow the removal, on the ground that the application came too late; that it should have been made at the appearance Term, that is the Term to which the bill was returnable.   To which Bryan, by his counsel excepted.

Counsel for Bryan then moved, having filed his answer, to discharge the *ne exeat*, on the ground that the affidavit verifying the bill was insufficient.   And further, moved to dismiss the bill on the ground that the equity was sworn off by

the answer, which motion, after argument, the Court over-
ruled, and counsel for Bryan excepted.

W. S. ROCKWELL, for plaintiff in error.

BAILEY, for defendant in error.

*By the Court.*—MᶜDONALD, J. delivering the opinion.

[1.] By the 12th section of the Judiciary Act of the United
States, passed in 1789, if a suit be commenced in any State
Court by a citizen of the State in which the suit is brought,
against a citizen of another State, and the matter in dispute
exceeds the sum of five hundred dollars, exclusive of costs, to
be made appear to the satisfaction of the Court, and the de-
fendant, at the time of entering his appearance in such State
Court, file a petition for the removal of the cause for trial in
the next Circuit Court, to be held in the District where the
suit is pending, and offer good and sufficient security for his
entering, in such Court, on the first day of its next session,
copies of the process against him, and also for his there ap-
pearing and entering special bail in the cause, if special bail
was originally requisite therein, it shall then be the duty of
the State Court to accept the surety, and proceed no further
in the cause. We think the Court below was right in disal-
lowing the removal of the cause to the Circuit Court of the
United States, but we are not agreed that the ground, on
which the presiding Judge put his refusal, ought to be sus-
tained. The Courts of the United States are Courts of limi-
ted jurisdiction; and statutes relative to their jurisdiction,
and for the transfer of the jurisdiction of causes from a State
Court, must be strictly construed. After the time has passed
for the removal of a cause from a State Court to a Circuit
Court of the United States, the State Court cannot, by agree-
ment, consider a petition for removal as having been filed in
proper time, to give the Circuit Court of the United States

jurisdiction. *Peter's C. C. Reports* 44; *Livingston vs. Jefferson*, 1 *Brochenbrough's Rep.* 211, *Gibson vs. Johnson.* In this case there are two defendants, one resident in Louisiana and the other in Florida. They are charged with combining and confederating against the *cestui que trust* of complainant, and were, therefore, properly joined. One of them was served personally, and the other by publication. Only one of the defendants has appeared. For the other defendant, no appearance has been entered. For aught that appears in the record, he is satisfied with the jurisdiction of the State Court. He does not join in the petition for removal. The Act of Congress authorized the *"defendant,"* to file his petition for the removal of the cause. The persons who make the party defendants should join in the petition, and one party defendant should not be permitted to change the jurisdiction without the consent of his co-defendants, for if the petition succeed the whole cause must be removed. It cannot be removed in part. If it go, it must go as a whole. "The right to question the jurisdiction is personal to the very parties over whom it is alleged the Court has no jurisdiction. Their co-defendants cannot plead it, or demur, or move to dismiss." *Rice vs. Tarver and others*, 4 *Ga. Rep.* 592. We hold, that under the Act of Congress, all the parties defendants, who have been brought before the Court, by service, in any manner, must join in the petition to remove the case from the jurisdiction in which it was instituted, and that one defend-defendant cannot transfer the jurisdiction for another, any more than he could for that other, object to the jurisdiction. For these reasons we affirm the judgment of the Court as to the first ground of error complained of in the record.

[2.] The defendant moved to discharge the writ of *ne exeat Republica*, because the affidavit in support of the alligations of the bill was insufficient. The charges in the bill were sufficiently strong and positive to have justified the issuing of the writ, if they had been sworn to positively. They are, however, sworn to by complainant's *cestui que trust*, "to the

best of her knowledge and belief." It is no more than if the phrase " to the best of her knoweldge and belief'" had been annexed to each specific charge made in the bill. Every charge in the bill may be false, and yet each one may be true to the best of the knowledge and belief of the affiant. It is much weaker than an affidavit of belief, for the party does not state that she does believe. The affidavit must be positive as to the intention to leave the State, or of the declarations of the defendant to that effect. *Oldham vs. Oldham,* 7 *Vesey Jr.* 410; *Etches vs. Lance, Ib.* 417. Inasmuch as this Court is of opinion that the writ of *ne exeat* should be discharged because of the insufficiency of the affidavit, it is unnecessary to consider the other point made in the motion complained of, in the bill of exceptions.

Judgment reversed.