Thomas L. Moore, plaintiff in error, vs. Thomas J. Morris, defendant in error.

[1.] An affidavit to a plea of *non est factum* that it is true to the best of defendant's "*remembrance,*" is insufficient to support it.

[2.] Witnesses are called to prove the execution of notes, who are illiterate, and who testify to the time and amount, and that authority was given by the defendant to persons to sign his name, held to be sufficient to admit the notes in evidence to the jury.

Assumpsit, in Emanuel Superior Court.   Decision by Judge Holt, at September Term, 1858.

This was an action brought by Thomas L. Moore against Thomas J. Morris, upon seventeen promissory notes, each for thirty dollars. The following is a copy of each note, viz:

One day after date we or either of us promise to pay Thomas L. Moore, or bearer, thirty dollars for value received.

February 6th, 1856.

[Signed]        WM. J. WILLIAMSON.

                        his
        THOMAS J. ⋈ MORRIS.
                        mark.

The defendant pleaded that he did not make said notes, nor authorize any one to do so for him, which plea he verified by oath.

Plaintiff proved by Elijah Case, that in February, 1856, he was at the residence of plaintiff, when Williamson bought of him (plaintiff) some cattle, for which he agreed to pay five hundred and ten dollars, and the defendant, Morris, was present and agreed to become Williamson's security. That Williamson executed small notes for the amount, and Morris authorized both Moore and Williamson to sign his name to said notes as security. This witness further testified that he was illiterate and could not write, neither could Morris, and that he, witness, was not able to say whether the notes sued on were the notes given at the time above mentioned, or not, or that he had ever seen them.

*Nelson Corley*, examined by plaintiff, testified to the same facts. He was also illiterate, and could not read writing, and did not know the size of the notes.

Plaintiff, upon this proof, moved to introduce and read the notes to the jury. The presiding Judge refused to admit the notes in evidence. And to this decision counsel for plaintiff excepted.

A. H. H. Dawson; J. B. Prescott, for plaintiff in error.

Wilkins, *contra.*

City Council of Augusta vs. Georgia Railroad and Banking Co.

*By the Court.*—McDonald, J. delivering the opinion.

[1:] The presiding Judge in the Court below refused to admit the notes in evidence on the trial, on the ground that the proof of their execution was not sufficient to overcome the plea of *not est factum,* which had been filed.    The plea in this case was not sworn to be true, which is necessary in this State to throw the onus of proving the execution of an instrument sued on, on the plaintiff.    The defendant swears that it is true to the best of his *remembrance.*

[2.] But had it been good, the evidence was sufficient to authorize the notes to be read to the jury.    The persons present at their execution were illiterate, except Williamson, the principal.    They testified that Williamson, in the month of February, 1856, purchased cattle of the plaintiff for the sum of five hundred and ten dollars, for which he gave small notes; that defendant, Morris, agreed to become his security and authorized the plaintiff and Williamson to sign his name, they could not say that the notes sued on were the same notes.    The notes bear date on the 6th February, 1856, and are for the precise amount that Williamson agreed to pay for the cattle.    The matter should have been referred to the jury as to the identity of the notes.    But we do not consider the affidavit in support of the plea sufficient.

Judgment reversed