MARTIN, for use, *vs.* LAMB & COMPANY.

1. A promissory note, payable to the order of an agent of a corporation (the principal as well as the agent being specified by name); is, in legal effect, payable to the corporation, and while the agent can maintain an action thereon, so can the principal.
2. An action upon such a note by the agent for use of the principal is virtually an action by the principal, and the death of the agent before or pending the action will not affect the suit. The words importing that the agent sues and that the suit is for use of the principal are surplusage, and may be stricken from the declaration by amendment at any time, whether before or after verdict.
3. A plea of *non est factum*, or of non-partnership, sworn to by the defendant "to the best of his knowledge and belief," does not cast the *onus* upon the plaintiff, but only entitles the defendant to go to the jury and establish his defence.
4. The evidence, construed most strongly against the defendant, who was the only witness, warranted the verdict.

February 26, 1887.

Promissory Notes. Principal and Agent. Parties. Pleadings. Amendment. Verdict. Before Judge SIMMONS. Pulaski Superior Court. November Term, 1886.

Suit was brought by " Jas. Martin, Agent Etiwan Phosphate Company, for the use of the Etiwan Phosphate Company," against J. M. Lamb & Company, a firm composed of J. M. Lamb and W. B. Whiddon, on a prom-

issory note signed by the firm and payable " to the order of Jas. Martin, agent of Etiwan Phosphate Company." The defendants pleaded that they were not indebted, because they had paid part of the debt and had turned over to plaintiffs' attorney notes which, if properly collected, would have paid the debt, but plaintiffs, through the negligence of such attorney, had failed to collect and had lost the amount to defendants.

Whiddon also pleaded the general issue, *non est factum*, that he was not a partner when the note was given, and that it was given without consideration as to him. These pleas were sworn to to the best of his knowledge and belief. He also pleaded that the firm was organized for the purpose of storing cotton alone, and not for buying and selling; and that no member of it had authority to sign such a note.

On the trial, the plaintiff introduced the note and closed. The defendant, Whiddon, testified as follows : " I and J. M. Lamb formed a partnership in the fall of 1880 for the purpose of receiving. and storing cotton received for guano and any other cotton that we should receive for storage. That was our business only. We did not buy or sell anything, and neither of us or any one else was authorized to sign the firm name to any promissory note, and I did not sign the note sued upon or authorize any one to sign it. I never saw the note until to-day ; do not know the consideration of the note. J. M. Lamb was not authorized to sign said note for the firm. In February, 1881, I and J. M. Lamb had a settlement of our business and closed up the partnership. I do not know who signed the note."

The jury found for the plaintiff. The defendant, Whiddon, moved for a new trial on substantially the following grounds :

(1)–(3.) Because the verdict was contrary to law, evidence and the principles of justice.

(4.) Because, after the plaintiff introduced the note and closed, the court held that the burden of sustaining the pleas was on the defendant.

(5.) Because of newly-discovered evidence to show that at the time of the trial, James Martin, in whose name the suit was brought, was dead, and the verdict and judgment were therefore void. [The usual affidavits accompanied this ground.]

The court granted a new trial on the fifth ground, and the plaintiff excepted.

J. H. MARTIN, for plaintiff in error.

A. C. PATE; W. L. GRICE; W. F. KELSEY, for defendants.

BLECKLEY, Chief Justice.

There was a note by Lamb & Co., payable to Martin, agent of the Etiwan Phosphate Company. On that note a suit was brought in the name of Martin, agent, for the use of the Etiwan Phosphate Company. A verdict was had for the plaintiff. A motion for a new trial was made on several grounds; among them one of newly discovered evidence, which was that Martin was dead. He was dead, not only at the time the trial was had and the verdict rendered, but at the time the action was brought. The fact was established by affidavits on the hearing of the motion for a new trial. It seems that the death was unknown to the counsel for the defendants until after verdict. There was some trace of information about it, but it was not known with certainty by counsel for either party, or by the defendants themselves. On this ground, and this alone, the presiding judge granted a new trial. Another ground of the motion was that, though pleas of *non est factum* and non-partnership were filed, the court ruled that the burden of proof was not changed, and that the defendant pleading these pleas (who was one alone of the alleged partners) would have to go on and establish his defence. Another ground was that the verdict was contrary to the evidence, in that he did establish it.

These grounds were not expressly ruled on by the judge below, so far as appears; he confined his ruling to the ground which relates to the death of Martin; and while we may not be constrained to pass upon more than this ground of the motion, we go through the whole, and rule upon the other grounds also.

1. A promissory note, payable to the order of an agent of a corporation (the principal as well as the agent being specified by name in the body of the note), is, in legal effect, payable to the corporation, and while the agent can maintain an action thereon (Code, §2209), so can the principal. *Id.* §3257.

2. An action upon such a note by the agent for the use of the principal is virtually an action by the principal, and the death of the agent, before or pending the action, will not affect the suit. The words importing that the agent sues and that the suit is for the use of the principal are surplusage, and may be stricken from the declaration by amendment at any time, whether before or after verdict. *Wilson vs. Presbyterian Church,* 56 *Ga.* 554; *McLewis vs. Furgerson,* 59 *Ga.* 644. When it was ascertained that the agent was dead, the suit stood thenceforth, for all substantial purposes, as if the principal alone had from the beginning been the party plaintiff on the record.

3. One of the defendants pleaded a plea which he intended to be a plea of *non est factum,* so far as he was concerned, and another plea which he intended to be a plea of non-partnership at the time the note was given; but these pleas were sworn to simply to the best of his knowledge and belief; and therein, we think, lies the explanation of the judge's ruling that the burden of proof was not changed. We are not informed by the record why he so ruled, but we find a good reason for it in the affidavit to these pleas. A plea of *non est factum,* or of non-partnership, sworn to by the defendant, " to the best of his knowledge and belief," does not cast the *onus* upon the

plaintiff, but only entitles the defendant to go to the jury and establish his defence.

Before the constitution of 1868, a plea of *non est factum* had to be sworn to—not to the best of one's knowledge and belief, but sworn to. 26 *Ga.* 649; Code, §2851. So had a plea of non-partnership. (*Id.* §1898.) That constitution, as a condition to opening actions upon certain contracts to defence, required that the defence should be sworn to, that the plea should be upon oath; and the judges of the superior court by rule 24 (Code, p. 1348) prescribed a form of affidavit importing that swearing to the best of one's knowledge and belief shall be a compliance; but we do not think that this alters the law as to the plea of *non est factum*, or the plea of non-partnership, with respect to changing the *onus*. The rule passed under the constitution is a rule to allow a defendant to come in and prove something himself; it is not a rule for putting the *onus* of proof upon the plaintiff. We think the law stands as it was before the constitution of 1868, with regard to the sort of plea and the sort of affidavit that will cast the *onus* upon the plaintiff to establish the execution of his instrument or the existence of the alleged partnership. The 29th rule of the superior court relieves executors and administrators from swearing to pleas of *non est factum* positively; they may verify by swearing that they have reason to believe and do verily believe. This oath is misrecited in 34 *Ga.* 435. An affidavit " to the best of his knowledge and belief " commits the affiant to almost nothing. 23 *Ga.* 480; 58 *Ga.* 445.

4. The evidence, construed most strongly against the defendant, who was the only witness, warranted the verdict.

So the judgment is reversed, there not being good cause for a new trial, either on the ground the court ruled upon, or any other ground set forth in the motion.

Judgment reversed.