FOWLER *v.* THE GATE CITY NATIONAL BANK.

1. Where the drawee of a bill of exchange writes his name across the face of the bill, the statute requiring acceptance to be in writing is complied with, the legal significance of such an act being that the bill is thereby accepted.
2. The indorsee of a bill of exchange, in the absence of any notice on the subject, is entitled to treat the acceptor as the real debtor, and is under no duty to such acceptor to retain, or render available, collateral securities for the payment of the bill received from the payee and indorser thereof.
3. A plea of *non est factum* must be sworn to, and generally the affidavit must be made by the defendant and not by an agent. The exception, if any, is stated in §3449 of the code.
4. A plea which neither admits nor denies that the plaintiff herself, or any one as her agent, accepted the bill sued on, but sets up merely that the acceptance is not binding on her for the reason that said act was not in her legitimate business or for her benefit, but for the benefit of a third party and without authority, consent or ratification on her part, is insufficient.     *Judgment affirmed.*
November 2, 1891.

Drafts. Acceptance. Indorsement. Pleadings. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

The Gate City National Bank sued the Tolleson Commission Company as drawer and indorser, May E. Fowler doing business under the name and style of Fowler & Company, and E. L. Fowler, as acceptors of

certain drafts or bills.   Mrs. Fowler pleaded the general issue, and a special plea denying that she composed the firm of Fowler & Company.   On the trial she offered the following plea : " If the jury should believe that the firm of Fowler & Co. was composed of this defendant, and and that E. L. Fowler was her agent, then in that event she says that the writing of the name of Fowler & Co. on the face of said drafts or bills by said E. L. Fowler is not binding on her, for the reason that said act was not in the legitimate business of this defendant, nor was it for her benefit but for the benefit of a third party, and was without authority, consent or ratification on her part.   For further plea this defendant says that the drafts or bills sued on were secured by bills of lading representing cars of grain, flour and other stuff turned over to plaintiff by J. R. Tolleson representing the Tolleson Commission Company, as this defendant is informed, and if the plaintiff redelivered them to Tolleson and he realized the money on the same, and it was not applied to these drafts, such conduct on the part of the plaintiff would discharge this defendant, she not consenting to the same ; and if the same is still in the possession of plaintiff, the railroad companies issuing the same are liable to plaintiff on said bills of lading, and before this defendant could be held liable to plaintiff said bills of lading should be brought into court and tendered this defendant, as in law, if liable, she has a lien on the same."

This plea having been stricken for insufficiency, she offered the following plea : " Now comes defendant by her attorney, and withdraws the plea filed on the 15th day of June, 1888, to wit, the special plea, and says the business being conducted at the time she was sued was a grocery business, that her husband was conducting the same and the style of the firm was Fowler & Co. ; that, acting as her agent, he wrote the name of Fowler & Co.

on said drafts or bills, and the same was in no wise connected with the business of Fowler & Co., nor was any part of said money paid by plaintiffs on said drafts received by this defendant or her agent, E. L. Fowler; that said act was without authority or consent on her part, nor did she know of it till long after said drafts were signed, nor has she in any way ratified said act; that if anybody is liable to plaintiffs on said drafts, it is her agent, E. L. Fowler, and not this defendant." This plea was sworn to by E. L. Fowler "agent for Mary Fowler."

Upon the striking of this plea for insufficiency and as not properly sworn to, she offered the following plea: "Now comes the defendant May E. Fowler, and by leave of the court amends her plea, and says that if the name of Fowler & Co. written across the face of the drafts or bills sued on is construed to be an acceptance, that it was an accommodation acceptance, that she got no part of said money, and the same was applied by plaintiff to the credit of the Tolleson Commission Company which was then dealing with plaintiff. Defendant further says that the bills of lading attached to said drafts were turned over to plaintiff by defendant, the Tolleson Commission Co., and if proper diligence had been used on part of plaintiff, the property represented by said bills of lading would have more than cancelled said drafts, and if plaintiff allowed the same to remain in the custody of the Tolleson Commission Co., it was without her knowledge or consent, that said conduct increased her risk, and she is thereby discharged from any liability on said drafts or bills." This plea also was stricken on the ground that it set up no legal defence.

The drafts were then tendered in evidence and objected to by Mrs. Fowler, on the ground that she was sued as acceptor, and writing the name on the face of a draft,

without more, did not constitute an acceptance under section 1950 of the code. This objection was overruled and the drafts admitted. They were drawn by the Tolleson Commission Company, payable to the order of that company, upon Fowler & Company, and written across their face was the name "Fowler & Co." The plea of the general issue was then withdrawn, and the plaintiff was allowed to take judgment against Mrs. Fowler, having dismissed as to the Tolleson Commission Company and E. L. Fowler, to which judgment, and to the rulings above stated Mrs. Fowler excepted.

R. J. JORDAN, for plaintiff in error, cited Code, §§1783, 1950 par. 8; 43 *Ga.* 587; 54 *Ga.* 31; 55 *Ga.* 75, 229; 56 *Ga.* 510; 59 *Ga.* 254; 81 *Ga.* 756; 83 *Ga.* 358; Mech. Ag. §§392–3, 605; Dan. Neg. Inst. §497; 62 Am. D. 648; Code of Ala. §1766; Rand. Com. P. 605.

CALHOUN, KING & SPALDING, *contra*, cited Code, §2785; *Id.* p. 1348, rule 24; 79 *Ga.* 222; 66 *Ga.* 654; 60 *Ga.* 90.