## ADAMSON *v.* REAGIN *et al.*

The provisions of the Civil Code (1910), § 5642, apply to a plea of non est factum (which section 5650 requires to be accompanied by an affidavit of its truth), so as to permit an attorney at law of a defendant who does not reside in the county in which the suit is pending to make oath to a plea of non est factum to the best of his knowledge and belief.
April 13, 1915.

The Court of Appeals certified to the Supreme Court (in Case No. 5686) the following question: "Do the provisions of § 5642 of the Civil Code of 1910 apply to a plea of non est factum (which § 5650 of the code requires to be accompanied by an affidavit of its truth), so as to permit an attorney at law of a defendant who does not reside in the county in which the suit is pending to make oath to a plea of non est factum to the best of his knowledge and belief only?"

*Roop & Fielder, Adamson & Brown,* and *Griffith & Matthews,* for plaintiff in error.

*Boykin & Boykin* and *S. Holderness,* contra.

LUMPKIN, J. By the Civil Code (1910), § 5650, it is declared: "No person shall, in his plea or answer, be permitted to deny any deed, bill-single or penal bond, note, draft, receipt, order, or other instrument in writing, which is the foundation of the action, unless he shall make affidavit of the truth of such plea or answer at the time of filing the same." The provisions of this section originated in the act of 1799. Cobb's Digest, 486. It was held that an affidavit to a plea of non est factum, stating that it was true to the best of defendant's "remembrance," was insufficient. *Moore* v.

*Morris,* 26 *Ga.* 649. By the constitution of 1868 .it was provided that "The court shall render judgment without the verdict of a jury in all civil cases, founded on contract, where an issuable defense is not filed on oath." Constitution 1868, article 5, section 3, paragraph 3. The judges of the superior court by rule provided a form of affidavit to defenses in actions founded on contract, whereby the affiant stated that the defense was true to the best of his knowledge and belief. Code 1873, Rule 24. It was declared that this provision of the constitution did not destroy the existing law requiring a defendant to make affidavit to the truth of the plea of non est factum, but, as a condition to opening actions upon certain contracts to defense, required that the defense should be sworn to. Accordingly in *Martin* v. *Lamb,* 77 *Ga.* 252 (3 S. E. 10), it was held that a plea of non est factum, sworn to by the defendant "to the best of his knowledge and belief," did not cast the onus upon the plaintiff, but only entitled the defendant to go to the jury and establish his defense. This decision did not deal with any question of the verification of a plea by an attorney at law of a defendant residing out of the county in which the suit was pending, but with the verification by the defendant himself which would be sufficient to change the burden of proof.

Shortly after the adoption of the constitution of 1868, the act of March 4, 1869, was passed. Acts 1869, p. 131. It provided, that, "in all civil cases founded on contract where there is an issuable defense, and where the defendant does not reside in the county in which suit is pending, it shall and may be lawful for the agent or attorney at law of such defendant to make oath to the plea, and the same shall be as good and sufficient as if made by the defendant himself." The second section provided that "when the plea is filed on the oath of the agent or attorney at law of the defendant, he may swear that what is contained in such plea is true, according to the best of his knowledge and belief." This act is now codified. Civil Code (1910), § 5642.

In *Colquitt* v. *Mercer,* 44 *Ga.* 432, a plea to the jurisdiction was filed and verified by the attorney of the defendant. The question arose as to the meaning of the words "an issuable defense," as used in the act of 1869, and whether they included a plea to the jurisdiction. Two of the Judges of this court held that the phrase "issuable defense" was a technical one, and meant a plea to the

merits, properly setting forth a legal defense, as distinguished from a plea in abatement, or any plea going only to delay the case. The Chief Justice concurred specially in the judgment. In *Poullain* v. *Pigg,* 60 *Ga.* 263, it was held that where a defendant to an action founded on contract had filed his plea, but had removed from the county before the trial of the case, an amendment to the plea could be verified by his agent or attorney at law. Warner, C. J., said in the opinion that the amended plea was as much within the reason and spirit of the statute as the original plea. In *Fowler* v. *Gale City National Bank,* 88 *Ga.* 29 (13 S. E. 831), it was held that a plea of non est factum must be sworn to, and generally the affidavit must be made by the defendant and not by an agent. It was added: "The exception, if any, is stated in section 3449 of the code" (which appears in the present code as section 5642). In *Plant* v. *Mutual Life Insurance Co., 92 Ga.* 636, 639 (19 S. E. 719), it was held, that an attorney at law of a corporation, who did not profess to be an agent in any other capacity, was not competent to verify on its behalf an answer to a summons of garnishment; that the answer might be verified by an agent of the corporation who could and would depose positively to the facts therein stated; and that an answer sworn to by an agent "to the best of his knowledge and belief" was not properly verified without a further statement pointing out what facts he knew and what facts he believed, together with the grounds of his belief. In that case, however, the court was not dealing with a suit based on a contract, and an issuable defense thereto, but with an answer to a statutory proceeding by garnishment, which was not within the terms of the act of 1869.

From what has been said above, it will be seen that if a plea of non est factum is an "issuable defense," as that expression has been construed by this court, and if the defendant resides out of the county in which the suit is pending, the plea may be verified by his attorney; and if this may be done, the attorney may swear that what is contained in it is true according to the best of his knowledge and belief. It can not be doubted that a plea of non est factum is a plea to the merits. It goes to the very existence of the written contract on which the suit is based. If a suit should be brought to enforce a parol contract, and the defendant should deny that any such contract was made, no one would doubt that this

was a plea to the merits, an "issuable defense." If the suit is founded upon an unconditional contract in writing, and the defendant denies the execution of any such contract, such a plea is equally a plea to the merits, and within the terms of the statute with respect to the verification of such "an issuable defense" by an attorney at law where a defendant does not reside in the county in which the suit is pending.

Accordingly, the question propounded by the Court of Appeals is answered in the affirmative.

*All the Justices concur, except Fish, C. J., absent.*