5686, 5687. ADAMSON *v.* REAGIN *et al.;* and *vice versa.*

RUSSELL, C. J. 1. Under the ruling of the Supreme Court in this case (143 *Ga.* 306, 85 S. E. 965), in response to the certified question propounded by this court, the trial court properly permitted an attorney at law of the defendant, who did not live in the county in which the suit was pending, to make oath to a plea of non est factum to the best of his knowledge and belief, and therefore properly refused to strike

the plea as amended by the affidavit of the attorney of the non-resident defendant.

2. The permission to file a plea of non est factum verified only to the best of the affiant's knowledge and belief allows "a defendant to come in and prove something himself;" but does not "cast the onus upon the plaintiff to establish the execution of his instrument." *Martin* v. *Lamb*, 77 *Ga.* 252 (3), 256 (3 S. E. 10).

3. Though not free from minor errors, the charge of the court was very favorable to the plaintiff in error. The evidence authorized the verdict, and there is no substantial merit in any of the assignments of error.

*Judgment affirmed on both bills of exceptions. Broyles, J., not presiding.*
DECIDED SEPTEMBER 22, 1915.

Complaint; from city court of Carrollton—Judge Beall. March 28, 1914.

The question certified to the Supreme Court was: "Do the provisions of § 5642 of the Civil Code of 1910 apply to a plea of non est factum (which section 5650 of the code requires to be accompanied by an affidavit of its truth), so as to permit an attorney at law of a defendant who does not reside in the county in which suit is pending to make oath to a plea of non est factum to the best of his knowledge and belief only?"

*Roop & Fielder, Adamson & Brown, Griffith & Matthews,* for plaintiff in error.

*Boykin & Boykin, S. Holderness,* contra.