22590. STIDHAM *v.* TANNER GROCERY COMPANY.

DECIDED JUNE 13, 1933.

*M. J. Head, Price Edwards,* for plaintiff in error.
*Boykin & Boykin,* contra.

BROYLES, C. J. 1. "The letters 'J. P.,' following the name of a person affixed to the jurat of an affidavit, are sufficient to designate the official character of such person as a justice of the peace; and if the name is of one who is a commissioned justice of the peace of this State, it is immaterial that it does not appear from the face of the affidavit where the same was executed. Until the contrary appears from the affidavit, or otherwise, the presumption would be that it was executed in this State, and in a place in this State where such an officer would be authorized to administer such an oath." *Abrams* v. *State,* 121 *Ga.* 170 (3) (48 S. E. 965); *Rowe* v. *Spen-*

*cer,* 132 *Ga.* 426 (64 S. E. 468) ; *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388). Under the foregoing ruling the pauper's affidavit in the instant case is sufficient.

2. This was a suit on a mortgage note, and the petition alleged that the defendant executed the note and made it payable to the Waco Mercantile Company, and that the note was subsequently transferred to the plaintiff by the trustee in bankruptcy of that company. The defendant in her plea denied making the note, denied authorizing anyone to sign it for her, and alleged that it was not her act or deed. She denied also the allegation in the petition that the note was transferred to the plaintiff by the trustee in bankruptcy of the Waco Mercantile Company. The plaintiff amended its petition by setting out a copy of the note sued on, together with the indorsement on its back as follows: "Waco Mercantile Company, by J. S. Edwards, trustee, in bankruptcy." The trial resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, containing the usual general grounds and the following special grounds: "1. Because the said verdict was without evidence to support it for the reason that the defendant Ella Steadham denied on oath the genuineness of the assignment made by J. S. Edwards as trustee in bankruptcy for the Waco Mercantile Company as set out and alleged in the 3d paragraph of plaintiff's petition, and no evidence was offered in said case to prove the genuineness of said endorsement. 2. Because the burden of proving the fact of assignment of the note sued on being on the plaintiff after the same was denied on oath, and there having been no evidence submitted on said issue, the said verdict was contrary to the evidence in said case and without evidence to support it." Upon the trial the plaintiff introduced the subscribing witness to the note, H. G. Word, who testified that he saw the defendant sign the note, that it was read to her, and that he signed it as a witness. The note was then admitted in evidence without objection. During the trial the following colloquy occurred: By the court, "If I understand the issue, it is whether or not the defendant signed the paper [the note sued on]." By Mr. Head (defendant's counsel), "Yes, that's the only issue under the pleadings." The contention that the plaintiff had failed to prove a material allegation in its petition (after it had been denied on oath), to wit, that the note had been assigned to the plaintiff by the trustee in bankruptcy of

the Waco Mercantile Company, was raised for the first time in the motion for a new trial. Under the foregoing facts, the defendant was estopped from raising that question in her motion for a new trial. Furthermore, the plea of non est factum, which also denied that the note was transferred to the plaintiff by the trustee in bankruptcy of the Waco Mercantile Company, was not verified positively by the defendant, she swearing merely "that the facts stated in the foregoing plea, so far as they come within my own knowledge, are true, and, so far as derived from the knowledge of others, I believe them to be true." Such a plea "does not cast the *onus* upon the plaintiff, but only entitles the defendant to go to the jury and establish his defense." *Martin* v. *Lamb,* 77 *Ga.* 252 (3) (3 S. E. 10); *Adamson* v. *Reagan,* 17 *Ga. App.* 126 (2) (86 S. E. 455).

3. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*