## 27222. MANDERS v. CALDWELL.

GUNTER, Justice. This habeas corpus appeal involves only one issue: When the judge of the superior court where the application is brought is disqualified from hearing the case, can the judge of a city court (now State court) of an adjoining county legally preside in the case?

Appellant's original habeas corpus application was heard and determined in 1969 by the Judge of the City Court

of Hinesville due to the fact that the Judge of the Superior Court of Tattnall County was disqualified in the case. Contention is made that this was illegal—that a superior court judge should have presided in the case rather than a city court judge.

The Georgia Constitution (*Code Ann.* § 2-4001) provides that in a county where there is a city court, the city court judge and the superior court judge may preside in each other's courts in cases where the judge of either court is disqualified to preside.

*Code* § 24-2201 provides that the judges of the various city courts may preside in any of the city courts in the same manner as superior court judges preside in the courts of one another.

It is therefore clear that the Judge of the City Court of Hinesville could and can preside in the city court located in Tattnall County (Reidsville), and he could preside in the Superior Court of Tattnall County in any case in which the superior court judge was disqualified.

The contention of the appellant that the judgment remanding him to custody entered in 1969 was illegal because of the judge presiding in his case at that time is without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 12, 1972—DECIDED JULY 12, 1972.

James E. Manders, *pro se.*

Arthur K. Bolton *Attorney General,* Harold N. Hill, Jr., *Executive Assistant Attorney General,* Courtney Wilder Stanton, William F. Bartee, Jr., *Assistant Attorneys General,* for appellee.