61928, 61929. STEVENS v. WAKEFIELD (two cases).

McMURRAY, Presiding Judge.

These two cases involve negligence and personal injury arising out of the collision of motor vehicles. The defendant in each case came into default, and a motion to open the default was made. The state court judge disqualified herself and in accordance with the judge assignment rules for Muscogee Superior Court designated and appointed a judge of that superior court as judge pro. hac vice for the purpose of hearing the motions to open default and all other matters of said cases in the State Court of Muscogee County.

The plaintiffs then moved for the assignment of the cases to another state court judge and made a motion to disqualify the appointed trial judge (pro hac vice of the state court) on the grounds of bias and prejudice following the procedure outlined in *State v. Fleming,* 245 Ga. 700, 701-702 (267 SE2d 207), with affidavits in support thereof. The affidavits contended that the appointed trial judge (pro hac vice) had been very closely aligned with the law firm which had been representing defendant's insurer and representing tortfeasor defendants in certain cases, ruling favorably for this law firm in every case and claiming bias and prejudice toward plaintiffs in tort cases in which defendants were represented by this law firm before this judge. This law firm is alleged to have failed to file a timely answer for defendant in the cases sub judice.

The alleged recusant judge proceeded to hear the motions before him, denied the motion to recuse "determining that the Motion and supporting Affidavit . . . are insufficient as a matter of law to disqualify the trial judge." The court then granted the motions of the defendant to open the defaults in each of said cases, finding the

defendant had "made a showing under oath of excusable neglect for failure to file timely defensive pleadings and from all the facts the Defendant has made a proper case for the Defaults to be opened." Motion for assignment to another state court judge was likewise denied, the court finding, "the method of assignment by the judge of the State Court of Muscogee County, Georgia proper and in accordance with the Constitution and laws of the State of Georgia." The plaintiffs appeal upon application granted by this court. *Held:*

1. The trial court did not err in denying plaintiffs' motions for assignment of the cases to another state court judge. Compare *Garland v. State of Ga.,* 110 Ga. App. 756 (140 SE2d 46); *Gordon v. Clinkscales,* 215 Ga. 843 (114 SE2d 15). While as the plaintiffs argue that under Code Ann. § 24-2111a.1 (Ga. L. 1980, p. 600, effective March 20, 1980), the motion being heard and determined July 17, 1980, a disqualified judge of the state court could have called upon the judge of another state court to serve; nevertheless this was not the only authority to allow the disqualified state court judge to appoint another judge to preside. See in this connection *Spry v. State,* 156 Ga. App. 74, 76 (2) (274 SE2d 2), and *Manders v. Caldwell,* 229 Ga. 326, 327 (190 SE2d 913).

Instead of requesting another state court judge to serve, the disqualified state court judge assigned the cases to a judge of the superior court of that county, which was authorized by Art. VI, Sec. IV, Par. X, Constitution of 1976 (Code Ann. § 2-3310); and *Manders v. Caldwell,* 229 Ga. 326, 327, supra. Further, a local amendment (Ga. L. 1952, pp. 579, 582, ratified November 4, 1952) authorized the designation of judges pro hac vice by the City Court of Columbus, the forerunner of the state court of that county by designating a judge of the Superior Court of Chattahoochee circuit to serve in his stead or simultaneously with "and said judges pro hac vice shall possess the rights and powers vested in the Judge of said City Court of Columbus for such periods and in such matters . . ." as the judge of the city court in his discretion has designated. We do not here decide whether this amendment to the Constitution of 1945 has been absorbed into the Constitution of 1976, since under the above designated judges of the superior court have authority to serve in these cases. The enumeration of error in denying plaintiffs' motion for assignment of the case to another state court judge is not meritorious.

2. Our next consideration must be to determine whether the trial court was correct or whether it erred in denying plaintiffs' motion to disqualify the trial judge on grounds of bias and prejudice and in finding that the plaintiffs' motion and supporting affidavits were "conclusionary in nature" and are "insufficient as a matter of law to disqualify the trial judge." One of the affidavits is generally

insufficient, merely expressing the opinion of the affiant that his clients would not or could not or did not receive a fair trial or fair treatment before this trial judge in cases "in which the [named law firm] represented the opposing party" without setting forth the reasons for the opinion. This affiant further deposed that if he were representing a party in which the opposing party was represented by this law firm and said case was pending before this trial judge, "the deponent is *of the opinion* that his client would not receive fair treatment by the aforesaid judge." (Emphasis supplied.) Again no basis for the opinion is given. However, this affiant does state that the trial judge "has not rendered fair decisions in cases which deponent has presented to said Court in which the law firm [named law firm] represented the opposing party."

Another affidavit is one in which affiant merely deposes that the state court judge "disqualified herself from hearing this case after it was suggested to her by counsel for Defendant that she might have a conflict of interest because her husband was employed by Defendant's insurer," and that she did not disqualify herself from hearing another case in which defendant was represented by the same law firm and insured by the same insurance company. The remaining affidavit states the "deponent believes that the Plaintiffs in said causes of action cannot receive a fair hearing on the issues before the . . ." alleged recusant judge. The affiant then deposes, "according to his knowledge the said Judge is very closely aligned with and friends of the various members of the [named] law firm." Affiant then stated facts that the judge was involved, "in a serious automobile collision in which one of the members of the aforesaid law firm was a passenger in said Judge's vehicle [and] received substantial injury from which he continues to suffer until this date." Affiant then deposes that he believes that based upon his knowledge of practice before said judge he "could not fairly render a decision on the above styled cases because the aforementioned would be prejudiced by extraneous matters not in evidence." Affiant then set out a particular case in which he was involved as opposing counsel to this law firm and obtained a jury verdict in a substantial amount but, "because deponent was of the opinion that [alleged recusant trial judge] would grant a motion for new trial on the general grounds from which there could be no appeal," he had filed a direct appeal and the case was thereafter settled. As to another case, affiant deposes, "according to his best knowledge," in a certain case in which summary judgment was granted by said trial judge, "one of the members of said law firm already had in his file a typed order on the morning of the hearing and that said order was entered immediately thereafter." This affiant then set forth that in another case the alleged recusant trial judge had

directed a verdict for the defendant represented by this law firm but that the affiant had "tried another case similar in nature arising between the same parties before a different judge and that case went to a jury and a verdict was rendered for the plaintiff." This affiant then set forth that "he believes" certain circumstances which imply that the alleged recusant judge is not disinterested in this litigation and does not present the appearance of complete fairness in this matter and should recuse himself and refer the matter to a state court judge outside this judicial circuit.

While we have no statute with reference to recusal hearings, nevertheless the Supreme Court in the case of *State v. Fleming,* 245 Ga. 700, 702-703, supra, has set forth "guidelines" similar to the procedure used in federal courts that whenever a party to any proceeding makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings. Whenever a motion for disqualification or recusal is filed, *State v. Fleming,* 245 Ga. 700, supra, at page 702 cites Mims v. Shapp, 541 F2d 415 (3rd Cir. 1976), that "it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge of bias or prejudice." The recusant judge will neither pass upon the truth of the allegations nor the the good faith of the pleader regardless of the judge's personal knowledge to the contrary. Again, as cited from Mims v. Shapp, supra, "The test is whether, *assuming the truth of the facts alleged,* a reasonable person would conclude that a personal as distinguished from a judicial bias exists." Thus, the judge's duty will be "limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *State v. Fleming,* 245 Ga. 700, supra, at page 702. However, it is as much the duty of the recusant judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious, and the simple filing of an affidavit does not automatically disqualify the alleged recusant judge.

Affidavits based upon "to the best of the knowledge and belief" of affiant are generally simply not sufficient. *Bryan v. Ponder,* 23 Ga. 480. See also *Stancel v. Puryear,* 58 Ga. 445; *Moore v. Morris,* 26 Ga. 649 (1); *Martin v. Lamb & Co.,* 77 Ga. 252, 256 (3 SE 10); *Stidham v. Tanner Grocery Co.,* 47 Ga. App. 114, 116 (169 SE 759); *Plant & Son v. Mutual Life Ins. Co.,* 92 Ga. 636 (19 SE 719). It is quite apparent that much of the affiants' statements as to the bias or prejudice of the

alleged recusant judge are based upon "the best of the knowledge and belief" of the affiant and is simply insufficient. See *Bryan v. Ponder,* 23 Ga. 480, supra. Yet, each affiant starts off by deposing that same is based upon "his own personal knowledge." However, if we assume that certain of the verified allegations against the alleged recusant are true, then the motion to recuse is legally sufficient and the recusant judge, instead of hearing the motion, should have secured the services of another judge to hear and determine the motion. Affiant does state above that to his knowledge the recusant judge is very closely aligned with and friends of various members of the named law firm which filed the late answers in the cases sub judice, and sets forth a personal incident in which the recusant judge allegedly would be prejudiced by extraneous matters not in evidence. Affiant also sets forth much trial facts in the handling of several cases as examples of why he "believes" the alleged recusant judge could not be fair and impartial.

Generally, opinion evidence, that is, conclusions drawn from certain evidence, cannot be utilized for the grant of a summary judgment motion. See *Dickson v. Dickson,* 238 Ga. 672, 674 (235 SE2d 479). But opinion evidence in affidavits can be sufficient to preclude the grant of a summary judgment. See *Word v. Henderson,* 220 Ga. 846 (142 SE2d 244). Under the circumstances here, the affiant has set forth certain facts on which he bases his opinion and belief that the alleged recusant judge has a personal bias or prejudice in favor of counsel representing the adverse party who necessarily had an interest in getting the default opened. Accordingly, the trial court erred in finding that the motion to recuse was insufficient as a matter of law to disqualify the trial judge. The trial court (state court judge or judge pro hac vice) is therefore directed to proceed to assign this motion to recuse to another judge. See *State v. Fleming,* 245 Ga. 700, 701-703 (1), supra; *Penney v. State,* 157 Ga. App. 737 (278 SE2d 460). Compare *Ferry v. State,* 245 Ga. 698 (267 SE2d 1); *Mann v. State,* 154 Ga. App. 677 (269 SE2d 863).

3. As to the remaining enumeration of error which involves the ruling of the trial court (the alleged recusant judge), we abstain from ruling on this matter pending the outcome of the recusal hearing since this alleged error may be rendered moot by the corrective actions of a new judge, should one be named after disposition of the motion to recuse; but in the event the judge pro hac vice designated should not be found to be disqualified then the plaintiffs may renew their respective appeals and raise this enumeration of error.

*Remanded with direction. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1981 —
REHEARING DENIED NOVEMBER 12, 1981 —

358

*J. Sherrod Taylor, Billy E. Moore,* for appellants.
*John W. Denney, A. J. Land,* for appellee.