38262, 38263. WAKEFIELD v. STEVENS (two cases).

GREGORY, Justice.
These two personal injury cases arising out of a motor vehicle collision went into default. In each case, a motion to open the default was made in the State Court of Muscogee County. The state court judge disqualified herself and in accordance with the judge assignment rules (see Code Ann. § 2-3310) forwarded the cases to the clerk of the Muscogee Superior Court for appointment of a judge pro hac vice to hear the motions to open default and all other matters concerning the cases. The clerk assigned the cases, based on their scheduled rotation, to Judge Kenneth W. Followill of the Muscogee Superior Court, and he was designated and appointed as judge pro hac vice by the state court judge on July 3, 1980.

At Stevens' request Judge Followill scheduled and conducted a hearing on the motions to open default on July 17, 1980. Some 6 days after this hearing, on July 23, respondent Stevens filed a motion to disqualify Judge Followill on the grounds of bias and prejudice under *State v. Fleming,* 245 Ga. 700 (267 SE2d 207) (1980), with supporting affidavits. The affidavits contended that Followill was closely aligned with the law firm representing Wakefield's insurer, that this law firm has a pecuniary interest in the outcome of the case, and that Judge Followill rules favorably for that firm in every case. On December 12, 1980, Judge Followill denied the motion to disqualify and granted the motions to open the two defaults.

Stevens appealed the denial of his motion to disqualify Judge Followill. The Court of Appeals held that the trial judge erred in

finding that this motion to recuse was insufficient as a matter of law to disqualify the trial judge and remanded with directions to assign this motion to recuse to another judge. *Stevens v. Wakefield,* 160 Ga. App. 353 (287 SE2d 49) (1981). Wakefield petitioned this court for review and we granted certiorari to consider the following three issues: (1) Whether the affidavits were sufficient under *State v. Fleming,* 245 Ga. 700, supra, to require that a second judge be appointed to hear the motion to recuse; (2) Whether the motion to recuse was timely filed as required by *Hunnicutt v. Hunnicutt,* 248 Ga. 516 (283 SE2d 891) (1981); and (3) Whether a judge may be recused on the ground of alleged bias and prejudice in favor of a law firm or lawyer as opposed to a party to the litigation. It is not necessary for us to reach the first and third issues we considered in this case because resolution of the second issue, the timeliness of the motion to recuse, will completely dispose of the case.

At the time of its decision in this case, the Court of Appeals did not have the benefit of a case we decided on November 6, 1981, *Hunnicutt v. Hunnicutt,* 248 Ga. 516, supra. Proper application of the principles we set forth in that decision shows that this motion to recuse was not timely filed and was properly denied by Judge Followill.

In *Hunnicutt,* supra, the trial judge entered a judgment and decree in July 1980, granting divorce and setting forth child custody and alimony obligations. Appellant moved for a new trial on the general grounds in August 1980. Appellant was subsequently granted five continuances of his motion for a new trial. On January 5, 1981, appellee filed an attachment for contempt against appellant regarding his failure to pay the ordered child support and alimony. The original trial judge ordered a hearing on the motion for new trial and contempt attachment to be held on January 22, 1981. At that hearing, appellant moved to recuse the trial judge on grounds that he was pre-disposed and biased in the case, based on his conduct in the July trial. The trial judge denied the motion on the ground that it was not timely made, and we affirmed. *Hunnicutt,* supra, at 517-519.

In *Hunnicutt,* we adopted the approach to timeliness originally set out in Justice Hill's concurring opinion in *State v. Fleming,* 245 Ga. 700, supra, that such motions to recuse should satisfy the following two time requirements: "It should (1) show that it was filed promptly and without delay, at the first opportunity after the affiant learned of the grounds for disqualification, and (2) it should be filed sufficiently in advance of trial so as to allow time for the designation of another judge to . . . preside at trial if the preceding judge is found to be disqualified, *so as not to delay trial." Fleming,* at 705. In *Hunnicutt,* neither of these requirements was met. The first

requirement was not met because appellant knew of the alleged disqualifying conduct as early as July 1980, when the original trial was conducted, yet he failed to file his motion to recuse until January 22, 1981, when his pending motion for new trial and appellee's contempt action were finally heard. Since he knew of the alleged recusal conduct as early as July 1980, his motion to recuse the original trial judge should have accompanied his original motion for new trial in August 1980. The second requirement was not met because the motion was not filed sufficiently in advance of the January 22 hearing date so as to allow time for the designation of another judge to conduct the hearing if the presiding judge was found to be disqualified.

Applying our standards from *Hunnicutt* to the facts of this case, we find that Stevens' motion to disqualify Judge Followill also fails the test of timeliness on both requirements. First, Stevens did not file his motion "promptly and without delay, at the first opportunity after [he] learned of the grounds for disqualification." *Fleming,* supra, at 705. The motion for recusal was based on conduct and relationships of which Stevens was aware on the day the case was originally assigned to Judge Followill, July 3, 1980. In spite of this, Stevens failed to file his motion to recuse until some twenty days later, six days *after* Judge Followill had already heard the arguments in the motions to open the defaults. As Justice Hill noted in *Fleming,* supra, "[a] litigant, civil or criminal, knowing of possible grounds for disqualification, cannot delay filing the motion and affidavit in order to see how the judge will rule *or will handle the proceeding.*" (Emphasis supplied.) *Fleming,* at 705. The fact that Stevens waited until six days after the hearing on the motion to open default was conducted to move for recusal, even though he knew of possible grounds for disqualification two weeks before the hearing, is critical in terms of failing the first requirement.

Second, Stevens failed to file "sufficiently in advance of trial so as to allow time for the designation of another judge to . . . preside at trial if the presiding judge is found to be disqualified, *so as not to delay trial.*" *Fleming,* at 705. By use of the word "trial," this court did not intend to delete the timeliness requirement of a recusal motion from the determination of other matters provided for by the Georgia Civil Practice Act. In this case, the "trial" which should not be delayed is the hearing of the motions to open the defaults. Stevens knew of the alleged grounds of disqualification some 14 days before the hearing was held on the motions to open the defaults, yet he failed to file his recusal motion until six days after the hearing. Allowing such a motion to be considered timely could, in such a situation, result in having another judge hear the motions to open the defaults

again, duplicating the judicial resources necessary to resolve this problem and further delaying the litigation. As the court noted in *Hunnicutt,* supra, such a result, whether intentional or unintentional, "disrupts the orderly process of trial and protracts litigation." *Hunnicutt,* at 518. Stevens should have filed his recusal motion sufficiently in advance of the hearing date to resolve the question of recusal without affecting or delaying the hearings or the overall resolution of the motions to open the defaults.

Because the motion to recuse was not timely filed, the trial court did not err in dismissing the motion to recuse.

*Judgment reversed and remanded. All the Justices concur, except Jordan, C. J., Marshall and Weltner, JJ., who concur specially, and Smith, J., who dissents.*

DECIDED APRIL 7, 1982.

*John W. Denney,* for appellant.
*J. Sherrod Taylor,* for appellees.

JORDAN, Chief Justice, concurring specially.

I concur in the judgment of reversal for the reason set forth in the opinion and for the additional reason that the affidavits were insufficient under *State v. Fleming,* supra, to require that a second judge be appointed to hear the motion to recuse.

I am authorized to state that Justice Marshall and Justice Weltner join in this special concurrence.