68551. DeMUDD et al. v. ATLANTA METRO TAXI-CAB GROUP, INC.

(323 SE2d 910)

McMURRAY, Chief Judge.

This case involves a taxicab incident in which passengers were

injured. A claim for no-fault insurance was made and not paid in accordance with law. A partial summary judgment was granted to the plaintiffs for the amount constituting the personal injury protection benefits against the defendant, Atlanta Metro Taxi-Cab Group, Inc., a self-insurer.

However, the trial court also, sua sponte, found the defendant's refusal to pay plaintiffs' claims to be in good faith and prohibited plaintiffs from presenting the issues of attorney fees, twenty-five percent penalty and punitive damages before a jury. Further, the court refused to strike certain documents submitted in support of the defendant. Plaintiffs appeal. *Held*:

The order is, in effect, the grant of partial summary judgment to both parties, the defendant being the non-moving party. If the record demands such a judgment, it would be proper. See *Golston v. Garigan*, 245 Ga. 450, 451 (265 SE2d 590). In opposition to the motion for summary judgment, the president of the self-insuring group had by sworn affidavit set up facts to contest the issue of liability "on information and belief" that the vehicle involved in the incident was not being operated under the franchise. The grant of summary judgment to plaintiffs, however, is not here for review, but only the issue as to the denial of attorney fees, the penalty and punitive damages.

The defendant, by brief, admits that these issues remain for jury determination and agrees that the statutes and citations of authority by plaintiffs are controlling and that "the matter should be remanded for further proceedings in regard to those issues."

Clearly, judgment has been entered against the defendant as to the no-fault insurance benefits being due requiring the defendant to prove good faith. The self-insurer defendant failed to pay benefits in accordance with the law to avoid the penalty provisions. See *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877); *Binns v. MARTA*, 168 Ga. App. 261, 263-264 (2) (308 SE2d 674); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 158-159 (1C) (256 SE2d 916). Compare *Nat. Gen. Ins. Co. v. Meeks*, 145 Ga. App. 830, 834 (4) (244 SE2d 920). Defendant's explanation as to why it did not pay simply does not show or demand a finding of a summary judgment in its favor on the good faith issue, the explanation being "on information and belief," committing the affiant to "almost nothing." *Martin v. Lamb & Co.*, 77 Ga. 252, 256 (3) (3 SE 10). See also *Stevens v. Wakefield*, 160 Ga. App. 353, 356 (287 SE2d 49), and cases cited (rev'd on other grounds, s.c., 249 Ga. 254 (290 SE2d 58)). These issues remain for jury determination.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1984.

*Albert R. Sacks*, for appellants.
*I. J. Parkerson*, for appellee.