## A89A1673. LEE v. LEE et al.
### (391 SE2d 654)

DEEN, Presiding Judge.

Ki Chong Lee and his wife Sung Won Lee brought suit against their son, Kook Jin Lee, for injuries the father sustained during a

robbery at the son's supermarket. On the evening in question, the father went to their son's store at his request to discuss family matters. The elder Lee also did some cleaning up and filled a soft drink cooler. Shortly thereafter, two young men entered the market to rob it. They ordered the Lees to lie face down on the floor. They complied, and Ki Chong Lee was shot in the back as they fled. He was rendered a paraplegic.

Appellees brought suit against their son for damages and loss of consortium, alleging that the son was negligent in not maintaining safe premises. Appellant filed a motion for summary judgment, and the court below denied the motion, holding that a fact question existed on the issue of whether a partnership existed between the men. In denying the motion, the court also found Ki Chong Lee to be an invitee in the sense that he was in the store benefiting Kook Jin Lee, that both men were equally aware of previous robberies at the market, that the elder Lee used ordinary care for his safety during the commission of the robbery, that the danger of another robbery might have been a foreseeable event because of the frequency of past robberies, and that a police officer's affidavit stated that the presence of a security guard could have prevented the robbery. This court granted Kook Jin Lee's application for an appeal.

1. The parties in this case seem unable to agree upon the evidence. Appellant strongly contends that the evidence shows that the father and son were business partners on the day of the shooting. The father denies that they were partners.

Construing the evidence in favor of the nonmoving party, as required in ruling on a motion for summary judgment, *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981), we find the trial court's ruling upon this issue to be correct. The documentary evidence relied upon by appellant is not signed by Ki Chong Lee, and it is his sworn testimony that the men were not partners. Indeed, in his answer to the complaint, Kook Jin Lee admitted that the business was a sole proprietorship. This admission, however, was changed by amendment to a denial more than one year later. This issue clearly requires jury resolution.

2. In his deposition, Kook Jin Lee admitted on cross-examination that he asked his father to come to the store. While there the elder Lee performed the aforementioned chores. The son testified that it made him feel better to have another person with him in the store in the evening because when he was alone he could not do anything if a robbery occurred. The trial court was therefore authorized to find that Kook Jin Lee received a benefit from his father's work and presence in the store and that the latter was an invitee.

OCGA § 51-3-1 considers one to be an invitee "[w]here an owner or occupier of land, by express or implied invitation, induces, or leads

[another] to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." See *Phillips v. Lindsey*, 184 Ga. App. 728 (362 SE2d 491) (1987).

3. The evidence showed that both men knew about the December 30, 1985, robbery which had occurred about a week earlier and involved no shooting, and that Kook Jin Lee knew about a robbery and shooting which occurred approximately six months before he purchased the business. Appellee apparently did not have equal knowledge about the earlier armed robbery.

As in *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 158 (342 SE2d 468) (1986), we find that the equal knowledge rule is not applicable in the case because "liability is founded upon the *foreseeability* of [armed robbery]. The proprietor's liability is based on its failure to exercise ordinary care to keep the premises safe for its invitees. (OCGA § 51-3-1)." In the instant case, while Kook Jin Lee purchased a gun during the week between the two robberies, the evidence shows that his father urged him to hire a security guard, which he refused to do. The affidavit of the investigating police officer states that he had no personal knowledge of the prior robbery or of the details of the robbery in question, but his investigation revealed that in both instances young black males entered the store, jumped behind the cash register, and took money. The officer was of the opinion (based upon his training, experience, and investigation) "that the robbery and shooting could have been prevented if it were apparent to persons who approach the store that a guard was present . . . [and] that the juveniles who committed the robbery and shooting would not have gone into the store on January 8, 1986, had they known a guard was present."

While OCGA § 9-11-56 (e) requires supporting or opposing affidavits to be made on personal knowledge, an exception exists for those of experts in certain malpractice cases. See *Loving v. Nash*, 182 Ga. App. 253 (355 SE2d 448) (1987), for the guidelines for such affidavits. The grant of summary judgment cannot be supported by opinion evidence, "[b]ut opinion evidence in affidavits can be sufficient to preclude the grant of a summary judgment." *Stevens v. Wakefield*, 160 Ga. App. 353, 357 (287 SE2d 49) (1981) (rev'd on other grounds, 249 Ga. 254 (290 SE2d 58) (1982)). The trial court therefore correctly considered the opinion evidence in denying the motion for summary judgment and in finding that a jury question existed on the issue of Jin Kook Lee's negligence in failing to exercise ordinary care to keep the premises safe for an invitee.

Accordingly, we find no error in the ruling of the trial court.

*Judgment affirmed. Birdsong, J., concurs. Cooper, J., concurs specially.*

COOPER, Judge, concurring specially.

I concur in the majority opinion and write only with respect to Division 3 of the opinion. Because I believe that even without the officer's affidavit, a question of fact existed as to whether appellant exercised ordinary care to keep the premises safe, I agree with the majority that the trial court properly denied summary judgment. However, I cannot conclude as the majority does that the affidavit of the police officer was properly considered in denying the motion for summary judgment. The officer states in his affidavit: "It is my opinion, based upon my training, experience, and investigation of the January 8, 1986 East Atlanta Supermarket robbery and shooting that the robbery and shooting *could* have been prevented if it were apparent to persons who approach the store that a guard was present." (Emphasis supplied). The speculative nature of the officer's statement raises serious questions as to its admissibility, and we have held that an affidavit considered on motion for summary judgment must contain evidentiary matter which the affiant could testify to in court. *Chandler v. Gately*, 119 Ga. App. 513 (1) (167 SE2d 697) (1969). I am unable to conclude that the officer, even if qualified as an expert in the area of law enforcement, would have been allowed to testify about what "could" have happened.

DECIDED FEBRUARY 8, 1990 —
REHEARING DENIED FEBRUARY 22, 1990 — ▮▮▮▮▮▮▮

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Marvin D. Dikeman*, for appellant.
*Awtrey & Parker, J. Lynn Rainey*, for appellees.